100 So.2d 440 (1958)
John C. MARTENS, Appellant,
v.
STATE of Florida, ex rel. Frank Maury GROSSMAN, as guardian and father of Gary Maury Grossman, a minor, Appellee.
No. 57-152.
District Court of Appeal of Florida. Third District.
February 11, 1958.
Charles & Watson, and Eaton & Achor, Miami, for appellant.
Richard H. Hunt, Miami, for appellee.
HORTON, Judge.
This is an appeal from an order in habeas corpus proceedings awarding the custody *441 of a minor child to the appellee-father. The appellant, who seeks reversal of the lower court's custody order, is the grandfather of the minor child.
The appellant contends here that he is entitled to the custody of the minor child in preference to the appellee-father, or at least to partial custody or visitation during the summers. A petition for rehearing filed in the cause requested the lower court to provide, by amended order, visitation by the minor child with the grandparents. This petition alleged, and it is vigorously contended, that the welfare of the child would be best served by such an arrangement. The grandparents are the owners of a large summer resort at which there are numerous recreational facilities, all of which are familiar to the child and that they are in a position to provide great material benefits for him. It is obvious from the record that the grandparents have a deep affection for the son of their deceased daughter. On the other hand, the appellee-father was not shown to be unfit, but, on the contrary, was admitted to be a fit and proper person who undoubtedly could provide adequately for his child in a manner in keeping with the child's best interests and welfare. However, in the custody order, the lower court, without deciding the point, sua sponte suggested the possibility of a voluntary agreement to accomplish just the purpose that the appellant now urges, by saying:
"In arriving at its conclusions and judgment herein, the Court is impressed with the attachment and affection of the respondent and his wife for their minor grandson and trusts that this attachment and affection may be continued, and in this connection, interpolates the suggestion that at the proper time the father give consideration to permitting his son to spend some of his holiday or summer vacation periods with his grandparents at their home in Pennsylvania. It is believed that the child and grandparents alike would find enjoyment and happiness if such continued contacts and association could be arranged."
What specifically prompted the lower court to make the foregoing observation is not clear, but it is abundantly clear that such comment was occasioned by the court's concern for the welfare and best interests of the minor child. An appellate court generally will not disturb the ruling of a trial judge regarding the custody of a minor child in the absence of a clear showing of abuse in the exercise of his judicial discretion. See Grant v. Corbitt, Fla. 1957, 95 So.2d 25. In addition, there can be no doubt that when a father has proven he is adequately able to care for his child in a manner in keeping with the child's welfare, his legal right should not be overcome by the fact that another's offering may be more copious. See State ex rel. Sparks v. Reeves, Fla. 1957, 97 So.2d 18. It is not the desires of the respective parties who contend for custody, but the welfare of the child himself that is controlling.
Although the chancellor's observations and comments as set out verbatim in this opinion indicated that he was aware of the fact that the child's welfare might be best served if he were permitted to visit with his grandparents, he nevertheless concluded by his order that they would be forever excluded from association with their grandson absent voluntary permission granted on the part of the father. Without in any way attempting to guide the trial judge in the exercise of his discretion, it is appropriate here to suggest that it was within the power and discretion of the trial judge in a habeas corpus proceeding for the custody of a child, to have considered and adjudicated the question of temporary custody or visitation rights in the grandparents. See Smith v. Smith, 160 Fla. 870, 36 So.2d 920. The appellant has orally suggested that this court enter an order awarding him temporary custody or visitation privileges during the summer months. However for this court to yield to such suggestion would be eminently unfair not *442 only to the appellee but to the trial judge who should have an opportunity to pass upon the question. It is apparent from his order that the trial judge did not consider that question or if he did, concluded that it was not properly before him. Accordingly, the order appealed is affirmed but the cause is remanded with directions to the trial judge that he shall consider and determine the question of partial custody or visitation in the appellant during the summers, and for such further proceedings as he shall find necessary in the cause.
Affirmed and remanded for further proceedings.
CARROLL, CHAS., C.J., and PEARSON, J., concur.