WIGGINTON, Judge.
This is an appeal by the natural mother and adoptive father from a final order of the Circuit Court in and for Volusia County awarding custody of their ten year old son to the maternal grandparents.
It appears from the record that the child was born in the State of West Virginia to Marie Taylor, now Marie Modacsi, one of the appellants. He was subsequently placed in the home of his maternal grandparents, the appellees here, where he remained until the occurrence of events hereinafter recounted. In July 1955, Marie Taylor and the appellant Frank Modacsi were married. Thereafter, some difficulty apparently arose between the mother and the grandparents regarding the former’s right to visit or assume custody of the child as and when she desired. This dispute led to a custody proceeding, instituted by the *665 mother in the Circuit Court of Wayne County, West Virginia, which resulted in primary custody being awarded to the grandparents, French and Stella Taylor. The mother was granted visitation privileges and custody of her son on weekends during the school year and for a period of four weeks during the summer vacation. Frank Modacsi was not a party to the above proceedings, the final order in which was entered November 28, 1956.
In August 1957, the child was delivered to its mother in accordance with the custody order mentioned above. Upon taking custody of the child, the mother, together with her husband, moved to Volusia County, Florida, where the latter accepted employment and established a home for his wife and stepson. Shortly therea'fter Frank Mo-dacsi petitioned the Circuit Court of Volu-sia County for a decree of adoption and permanent custody of the minor. The Florida State Welfare Board was made a party to this proceeding. After hearing testimony and considering the evidence, the court entered its final decree of adoption finding the child to be a fit and proper subject for adoption by the petitioner; that the natural mother had duly consented; that the petitioner was a suitable person to adopt the child; and that the best interest of the child would be promoted by the adoption. Based on these findings the court by decree dated September 6, 1957, granted the petition, decreed permanent custody to the petitioner and his wife, and ordered that the child be given the name and be the legal child and lawful heir of the adoptive parent.
When the child was not returned at the end of the vacation in accordance with the West Virginia custody order the grandparents made inquiry, and upon learning that he had been brought to this State, instituted the habeas corpus proceedings out of which this appeal arose. It is to be noted that this proceeding was brought in the same court which had previously entered the decree of adoption, but before a different judge. Testimony was adduced on the appellees’ petition and the appellants’ return thereto. The West Virginia custody order was introduced on behalf of the petitioning grandparents. They testified that their condition had remained unchanged since the entry of the order by which they were awarded custody of the child; that they continued able and willing to assume all obligations imposed by the said order; that they loved the child and wanted him delivered over to them in order that he could return with them to their home; and that the respondents had exhibited bad faith in removing the child from the jurisdiction of the West Virginia court. The final decree of adoption and permanent custody entered by the Volusia County Circuit Court was introduced by the respondents. In addition, they offered several witnesses whose testimony reveals that the parents maintain a suitable home for themselves and their son and are able to provide care, comfort, education and the necessities of life in ample measure; that the child is progressing satisfactorily in school and is properly adjusted to his new surroundings. The child testified that he loved his mother and adoptive father and wished to remain with them, rather than return to live with his grandparents in West Virginia. Upon consideration of the foregoing the trial court ordered the child returned to the custody of the petitioners. This apparently without proper regard to the legal effect of the adoption decree by which custody and control of the child was awarded to the appellant, Frank Modacsi.
By its judgment entered November 28, 1956, the West Virginia court determined the custodial rights of the parties to that proceeding as of that date. Our examination of that judgment has revealed no prohibition against a removal of the child from West Virginia by either of the parties thereto. The alleged bad faith on the part of appellants is, therefore, in no way determinative of this cause.
Chapter 72, Fla.Stats., F.S.A., sets forth in considerable detail the requirements governing adoption proceedings in this State. *666 Such a proceeding is not barred merely because a competent court of another jurisdiction has validly exercised its authority by awarding mere custody of the child sought to be adopted when the court before whom adoption is sought otherwise has jurisdiction to proceed.[1] Adoption is an entirely separate and distinct statutory proceeding,[2] unconnected with and not controlled by prior custody awards. Consequently, there is no question before us as to whether the West Virginia order is entitled by comity to full faith and credit. Jurisdiction of the adoption with which we are now concerned vested in the Florida court by virtue of the fact that the child and the petitioner resided within the court’s jurisdiction[3] and the natural mother gave the required consent.[4] Neither notice to nor consent of the child’s legal custodian is required under the Florida law, either by the express language of the statute,[5] or by necessary implication.[6]
The ultimate decision in cases of this nature, which inevitably afford a tenacious tug at the heart strings and create an unreserved sympathy of courts toward all parties, must rest upon that which best serves the interests of the minor.[7] It would be idle to here debate the fitness of either party to have custody of the child in controversy. The court of West Virginia saw fit, in the exercise of its lawful authority, to grant primary custody of the child to appellees. That same court gave custody to the appellant natural mother during a substantial portion of each year and there has been shown no just reason to doubt the wisdom of that court’s decision. On the other hand, it has since been the judgment of a competent court of this State, having full jurisdiction of all matters concerning the child’s welfare, that the child was a proper subject for adoption, that the adoptive parent was in all respects a fit and proper one; that the natural mother offered her consent as required by Florida law; and that the child’s best interest would! thus be served. The resulting adoption carried with it every feature of the domestic-relation of parent and child except that of.' natural birth. Such a decree carrying with; it, as it does, all the rights of a natural parent, including that of custody and control, is totally sufficient until such time as a lack: of qualification to continue in the exercise-of those rights is fully proved by whoever challenges it. The love and affection of another, no matter how great, is not sufficient to deprive a fit and proper parent of his child.
There is contained in the record before us no testimony or evidence from which could be drawn the slightest inference that either the adoptive father or the natural mother have been, since the entry of the final decree of adoption, guilty of any conduct that would justify a removal of the child from their custody and control. On the contrary, all the evidence belies any conclusion other than that the appellant-parents are fully qualified, and that the child is a happy and well adjusted one whose best interests are presently being-well served.
For the reasons stated above the judgment appealed from is reversed and the cause remanded for the entry of an order dismissing the petition.
CARROLL, DONALD K., J., and MELVIN, WOODROW M., Associate Judge,, concur.

. In re DeWalt’s Adoption, Fla.App.1958, 101 So.2d 915; In re Whetstone, 137 Fla. 712, 188 So. 576; Denton v. James, 107 Kan. 729, 193 P. 307, 12 A.L.R. 1146.

. See: Wiggins v. Rolls, Fla.1958, 100 So.2d 414; In re Whetstone, supra, note 1.

. P.S. § 72.08, P.S.A.

. F.S. § 72.14(1), F.S.A.

. F.S. Ch. 72, F.S.A.

. Compare: Denton v. James, 107 Kan. 729, 193 P. 307, 12 A.L.R. 1146.

. See note 1, supra; Cf.: Lambertson v. v. Williams, Fla.1952, 61 So.2d 478; Digirogio v. Digirogio, 153 Fla. 24, 13 So.2d 596.