114 So.2d 373 (1959)
Mary E. FOSTER, Appellant,
v.
William E. SHARPE and Maxine Sharpe, his wife, Appellees.
No. 58-573.
District Court of Appeal of Florida. Third District.
September 8, 1959.
*374 McCahill & McKenry, Miami, for appellant.
Melvin Schaffer, Miami, for appellees.
PEARSON, Judge.
The mother of a minor child appeals from a final judgment in a habeas corpus proceeding, in which the court awarded custody of the child to the paternal aunt and her husband. We find the trial judge failed to apply the principle that where a parent has proved he or she is adequately able to care for his or her child in a manner in keeping with the child's welfare that the legal right of such parent may not be overcome by the fact that another's offerings may be more copious. Martens v. State ex rel. Grossman, Fla. App. 1958, 100 So.2d 440; State ex rel. Sparks v. Reeves, Fla. 1957, 97 So.2d 18; cf. Frazier v. Frazier, 109 Fla. 164, 147 So. 464, 466. The judgment is therefore reversed.
We recognize that in a custody proceeding the trial judge has a great advantage because he has the parties and the witnesses before him. His decision will *375 not be reversed unless there is a clear showing of error. Martens v. State ex rel. Grossman, supra; Grant v. Corbitt, Fla. 1957, 95 So.2d 25; Pendarvis v. State, Fla. App. 1959, 115 So.2d 81. Likewise it is undeniably true that a trial judge has no more difficult and exhausting duty than that of deciding the custody of a child.
It is therefore a heavy burden which appellant undertakes when she asks an appellate court to reverse the finding of the chancellor or the trial judge in such a proceeding. The appellant must show error either by: 1) the application in the trial court of a mistaken principle of law or 2) the absence of competent evidence to support the decree or judgment appealed.
A brief review of the circumstances which led up to the unfortunate situation revealed by this record is necessary. The appellant, mother of the child and petitioner in this habeas corpus proceeding, was the victim of unfortunate circumstances in 1953. In March of 1953, she was abandoned by her husband who left her with four small children including the daughter, Elaine, whose custody she now seeks. At this same time poor health and lack of funds to properly feed her children necessitated her leaving Florida and returning to her home in Texas. Before departing she contacted her sister-in-law and the latter's husband, respondents herein, and suggested that they take temporary custody of Elaine. They countered with a proposal to adopt her, but the mother, even in her dire state, refused to consent to an adoption. Finally the aunt and uncle agreed to undertake the care of the child who at this time was 5 years old. The mother in Texas rehabilitated herself by improving her health and gaining employment, which provided her and three of her children with a meager living. She also in October, 1953, obtained a final decree of divorce from William Tarrant, father of Elaine, in a Texas court. The court awarded her custody of Elaine and her other three children. Thereafter she married Raymond Foster, who provides Mrs. Foster and her three children with a home in a rural area of Texas. Raymond Foster accompanied Mrs. Foster to Miami to seek custody of Elaine. It is also noted in the record that Mr. Foster, who earns $125 per week, has two children by a former marriage, who do not live with him, but are supported by him.
Although Elaine's mother did not see her from March 1953 until June 1958 there is evidence in the record that the mother made efforts to have Elaine visit with her and the remainder of the family. Elaine is a healthy and normal child of eleven, who has lived since March 1953 with her aunt and uncle, Mr. and Mrs. Sharpe, in a modern and comfortable trailer located in a trailer park. Mr. Sharpe earns approximately $150 to $200 per week. The record contains substantial conflict as to the fitness of the aunt and uncle to have custody of Elaine. We do not find it necessary to determine whether this evidence is sufficient to raise a presumption of unfitness in the foster parents, because the record clearly indicates the fitness of both Elaine's mother and Raymond Foster to take custody of Elaine.
After hearing extensive testimony the trial court found:
"The Court further finds that there is a strong mutual attachment between the child and the respondents and that the Petitioner has neglected said child and has allowed such attachment to ripen and to change this fixed relationship between respondents and said child and that the preference of the child is that of desiring to remain with the respondents.
"That the respondents are responsible people and as such are capable both emotionally and financially of providing for said minor child.
"That it is my opinion that it is in the best interest of said minor child that she be committed into the custody of William E. Sharpe and Maxine *376 Sharpe, his wife, subject to the further orders of this Court as the facts and circumstances in the suit may require."
Without in any way minimizing the love and affection which exists in a foster home, where the foster parents have loved and cared for a child over a long period of time, there can be no doubt that the law places the right of a parent on a different level. Carrier v. Vermeulen, Fla. App. 1959, 114 So.2d 192; Modacsi v. Taylor, Fla.App. 1958, 104 So.2d 664; Grant v. Corbitt, supra; Hernandez v. Thomas, 50 Fla. 522, 39 So. 641, 2 L.R.A.,N.S., 203. This right of a parent has been described as "a natural God-given legal right to enjoy the custody, fellowship and companionship of his offspring." State ex rel. Sparks v. Reeves, supra [97 So.2d 20]. The right of the parents to the custody, care and upbringing of their children is one of the most basic rights of our civilization. The emphasis upon the importance of the home unit in which children are brought up by their natural parents is one of the great humanizations of western civilization as contrasted with the ideologies of some nations where family life is not accorded primary consideration.
Appellant urges that the Texas decree awarding custody of Elaine to her mother must be given full faith and credit unless intervening circumstances justify a different result. We do not find this to be the law. The decree of the sister state is however entitled to great weight and respect under the doctrine of comity. Carrier v. Vermeulen, supra. The record reveals that the Texas decree held the mother to be a suitable person to have custody of her daughter and that since the entry of the decree conditions have arisen which have placed the mother in a better position to care for the child. Also since Elaine and her brothers are separated by a great distance, the importance of keeping the children together in one family circle becomes more pronounced than where children live in separate homes, but in the same community. Epperson v. Epperson, Fla. 1958, 101 So.2d 367. See also Roy v. Holmes, Fla.App. 1959, 111 So.2d 468, 471, and the concurring opinion of Judge Wigginton in Pendarvis v. State, supra.
Elaine testified that she liked living with her aunt and uncle, but would like to see her brothers. The court found that Elaine expressed her desire to live with the Sharpes. They, of course, emphasize the fact that the trial judge was guided by the express wishes of Elaine. Although a child's preference is a factor to be considered in making an award of the child's custody, such factor is not controlling. Carrier v. Vermeulen, supra; Epperson v. Epperson, supra. For the rights of a parent will not be disregarded in order to gratify the mere wishes of a child, when the parent is a proper person to be intrusted with its custody. Grant v. Corbitt, Fla. 1957, 95 So.2d 25; Marshall v. Reams, 32 Fla. 499, 14 So. 95.
Inasmuch as it conclusively appears that Elaine's mother is a fit and proper person to have the custody of her child and that such custody is consistent with the welfare of the child, it is necessary to reverse the order awarding custody of the child to the respondents. In this connection it should be noted that a finding by the trial judge that "it is in the best interest" of the child that she remain with her aunt and uncle is not equivalent to a finding that the ultimate welfare of the child requires that she be with the aunt and uncle. It is often true that parents may not be able to provide for their children as fully and completely as another may be able to provide. However, no parent could agree with a law which would demand that a parent must relinquish his or her right of custody to another person upon the basis of superior material advantages. Therefore, the final judgment in habeas corpus awarding custody to the respondents, William Sharpe and Maxine Sharpe, his wife, is reversed and this cause remanded to the circuit court with directions that a final *377 judgment be entered awarding the custody of the child, Elaine Tarrant, sometimes known as Elaine Sharpe, to her mother, Mary Foster.
Reversed.
HORTON, C.J., and CARROLL, CHAS., J., concur.