PER CURIAM.
This is an interlocutory appeal from an order temporarily changing the custody provision of a divorce decree. The principal question presented is whether or not a chancellor has the power to change custody, upon an emergency basis, pending a full hearing upon a petition for change custody. There is also presented the contention that the petition is insufficient in substance, and the further contention that the court abused its discretion in making the temporary change.
We have examined the record presented, and we are impelled to the conclusion that the court’s first order, dated February 16, 1965, which was entered solely upon the petition of the mother and without notice, was erroneous. Nevertheless, the chancellor had the jurisdiction to make the temporary change of’ custody, and this error was cured by hearings held by the court on February 19 and February 26. Grant v. Corbitt, Fla.1957, 95 So.2d 25.
On March 11, the chancellor entered an extensive order in which he found that it was in the best interest of the child (a ten year old girl) that she should remain in the temporary, custody of. the mother, pending a full hearing on the mother’s, petition. This order provided for specified visits with the’ father and that neither the petitioner nor the respondent should remove the child from the jurisdiction of the court.
Appellate courts must act upon the basis of a record without an opportunity to see and hear the witnesses; therefore, they áre understandably reluctant to change provisions for custody unless there is a clear showing of,abuse in the exercise of the chancellor’s judicial discretion. Martens v. State ex rel. Grossman, Fla.App. 1958, 100 So.2d 440; Foster v. Sharpe, Fla.App.1959, 114 So.2d 373. We have before us only a portion of .the testimony received at the hearing and are. unable to conclude that the' chancellor abused his discretion. See McEachin v. McEachin, Fla.App.1963, 154 So.2d 894, and Short v. Short, Fla.App.1964, 162 So.2d 538.
W'e have examined the other points presented by the appellant, including his contention that the petition for change of 'custody is insufficient, and find them to be 'without merit.
The interlocutory order appealed is affirmed.
This holding in no way indicates that the facts have been established upon which a final disposition of the mother’s petition may be made.
Affirmed.