SPECTOR, Chief Judge
(dissenting):
By their petition for rehearing in this child custody dispute between the maternal grandparents and the natural mother of this child, the grandparents have asked this court to modify our decision of February 8, 1972, wherein we held that the natural mother is entitled to and shall forthwith be delivered the possession, custody and control of the child, so as to defer the change of custody until the end of the present school year. The reason for the requested deferral is to avoid interruption of the child’s education at school. I think this is a reasonable request respecting a matter which was not considered in our original decision and is consistent with the court’s decision in Morris v. Kridel, 186 So.2d 52 (Fla.App.1966). That case also involved a custody dispute between the grandparents *575 and a natural parent of a child. While the court held that there was competent evidence to sustain award of custody to the father, the child’s best interest would be served by deferring the change of custody until the end of the current school year. I believe that the best interest of the child in the case at bar would also be served by permitting him to remain in the custody of his grandparents until the end of the current school term, and I would modify our earlier decision to so provide.
Additionally, the grandparents on rehearing have raised the question of visitation rights in favor of the grandparents, in view of the Commissioner’s finding which was adopted by this court that the grandparents were fit and proper persons to have custody and care of the child, as well as the natural mother. The grandparents obviously relying on Martens v. State ex rel. Grossman, 100 So.2d 440 (Fla.App.1958), contend that both they and the child alike would benefit from the enjoyment and happiness of continuing contacts and association if our decision were modified to permit reasonable visitation rights. I agree wholeheartedly with the grandparents’ views on this question; however, that is a matter which should be addressed to the sound discretion of the circuit court which granted the custody of the child to the natural mother in the first place. It simply is not the function of a habeas corpus proceeding in a child custody case to consider matters of visitation, support money and like topics. The office of the writ of habeas corpus, as counsel must surely be aware, is to determine legality of custody and not to determine which of several qualified persons should be the custodian of a child. That is a matter which should be presented to the circuit court.
And finally, the grandparents have sought modification of our earlier decision on the grounds of newly discovered evidence consisting of a private investigator’s report that the child’s mother has entertained a male visitor throughout the night while an unidentified child occupied the mother’s apartment. Undoubtedly, this is a matter of great concern having a direct bearing on whether it is to the best interest of the child to be placed in the custody of the mother. However, this too is a matter that should be presented to the circuit court which awarded custody of the child to the mother in the first place. It is not a matter touching on the legality of the child’s custody, rather it is a matter bearing directly on the fitness of the natural mother to be the custodian of the child. Obviously, if the mother cannot exercise greater discretion than permitting gentlemen callers to spend the night while her child is present, there is little question but that the child’s best interest would be served by placing the child in the custody of the grandparents who can provide a more wholesome surrounding in which to mature. However, as noted above, this is a matter for the circuit court to consider.
As I understand our earlier decision, it was addressed primarily to the legality of custody. The mother was awarded custody originally and no illegality of that custody order has been demonstrated by the grandparents. The effort by the grandparents to modify the custody order by resort to the juvenile court in Baker County was legally ineffectual. That court has no authority to supersede a legal custody order made by a circuit court. The juvenile court does have authority to place a delinquent or dependent child in the custody of one other than a natural parent or a legal custodian. However, the juvenile judge’s order did not find that the child in this case was either a delinquent or a dependent child. Had that been the case, this court would necessarily have been obligated to rely on the original custody order of the circuit court.
I would grant rehearing and modify our original decision by deferring change of custody until the current school term is over. I concur with the majority’s denial of rehearing as to the other matters raised without prejudice to the right of the grandparents to raise such matters in the circuit court which entered the original custody order.