LILES, Judge.
Appellant wife and appellee husband were married to each other in Germany in December of 1967. Appellee was a member of the United States Army at that time, and appellant was and still is a German citizen. Shortly thereafter, the parties began residing in New Jersey when appellee was transferred to Ft. Dix. In June of 1970, the appellee brought their eighteen month old son to Florida — his legal residence — and began divorce proceedings in Hendry County. In September the wife filed her answer and counterclaim for divorce. The circuit court awarded a divorce to the wife and reserved jurisdiction to determine permanent custody of the minor child by continuing the child as a ward of the court with the paternal grandparents as temporary custodians. The court noted it felt that neither party had the requisite stability to properly provide for the child and said it would consider a petition for permanent custody from the wife at the time she obtained United States Citizenship and from the husband at the time he was either discharged from the Army or had acquired another family within the military. Neither party contests the awarding of the divorce, but the wife appeals that portion of the decree awarding temporary custody of the minor child to the grandparents.
It is well-established law in Florida that —absent other considerations — natural parents are to be preferred over other relatives and third persons in the custody of minor children. Grant v. Corbitt, Fla.1957, 95 So.2d 25; Kersey v. State, Fla.App.1960, 124 So.2d 726; Foster v. Sharpe, Fla.App.1959, 114 So.2d 373; Modacsi v. Taylor, Fla.App.1958, 104 So.2d 664.
In the instant case the circuit court has denied both parents the right to petition for the custody of their child until certain pre-conditions have been met. We find that those conditions have no bearing on the issue of parental fitness and that the welfare of the minor child dictates that the question of permanent custody be settled as expeditiously as possible. Several years could conceivably elapse before either parent could satisfy the conditions precedent imposed by the court. During this time the child will have been living in the home of his paternal grandparents and will have formed certain bonds of affection for them. To uproot him from this environment at the time the natural parents are able to petition the court for permanent custody would be injurious to the child’s welfare.
It is also well-established law in Florida that — other things being equal — the welfare of a minor child is best served by awarding custody to the mother. Fields v. *190 Fields, 1940, 143 Fla. 886, 197 So. 530; Green v. Green, 1939, 137 Fla. 359, 188 So. 355; Hutchins v. Hutchins, Fla.App. 1969, 220 So.2d 438; Bargeon v. Bargeon, Fla.App.1963, 153 So.2d 10.
For the chancellor in this case to have denied the mother’s request for custody of the child, he must necessarily have found that the mother was an unfit person. The evidence in this record is not sufficient to support such a finding. At best all that could be educed from the testimony in this respect is that the mother — along with the father — was guilty of some misconduct. However, mere misconduct, standing alone, does not constitute unfitness on the mother’s part. Florida courts have upheld this principle and have awarded custody of minor children to the mother even in those cases where the mother was guilty of adultery. McAnespie v. McAnespie, Fla.App.1967, 200 So.2d 606. The court in McAnespie stated at p. 609:
“ ‘Although she may have been a bad wife, she may be a good mother. The moral unfitness of a mother must be such as has a direct bearing on the welfare of the child, if it is to deprive her of the custody of the child.’ ”
Here, there was no evidence of such extreme misconduct on the part of the wife; and we hold that the trial judge erred in awarding temporary custody of the child to the paternal grandparents. Accordingly, that portion of the decree is reversed and modified so that appellant wife is awarded custody of the child. The case is also remanded so that visitation rights may be agreed upon between the wife and husband, as will be to the best interest of the child.
PIERCE, C. J., and McNULTY, J., concur.