SCHEB, Judge.
The case sub judice is once again before us on these consolidated interlocutory appeals with the appellant complaining of the trial court’s denial of her motion for temporary relief as to custody of children, suit money, support and related matters.
After oral argument on Appeal 75-1 and a review of the issues in that case and those in' Appeal 75-258, we consolidated these appeals. We refer herein to the appellant as wife and to the appellee as husband.
We preface our opinion with the following chronology of this litigation:
(1) The husband filed suit in Palm Beach County seeking a dissolution of the marriage and other relief. Upon default, the court entered its judgment of dissolution awarding custody of the parties’ six children to the husband with rights of reasonable visitation to the wife. On appeal this was reversed in Kern v. Kern, Fla. App. 4th 1974, 291 So.2d 210, cert. den. Fla., 294 So.2d 657.
(2) Upon remand, the trial court in Palm Beach County granted the wife’s motion for a change of venue and transferred this cause to Collier County, reserving jurisdiction with respect to the pending contempt proceedings against the wife. On appeal this court held in Kern v. Kern, 309 So.2d 563, 1975, that the court in Palm Beach County had lost jurisdiction of the parties and the subject matter prior to its contempt order and was therefore without jurisdiction to enter the contempt order. This cause was remanded with directions to the Circuit Court in Collier County to conduct the necessary proceedings to decide the issues.
Our review of the points raised by these consolidated appeals fails to reveal *131 any error on the part of the trial court in entering its order of December 16, 1974, denying the wife’s motion for temporary custody of the minor children and temporary child support and suit money, and its order of February 20, 1975, denying the wife’s motion for a contempt citation against the husband. The only point we deem to merit any discussion relates to the trial court’s actions in respect to the wife’s motion for temporary custody of children.
At the time set for a hearing [December 3, 1974] on the wife’s motions for temporary relief the court postponed any definitive ruling in respect to the wife’s requests. The trial court stated:
I have gone over the file this morning. The court is going to make this statement. I am not going to take testimony today. We are going to get the pleadings straightened, get all pending motions resolved before any testimony of any type of hearing. We will come back later on.
Then proceeding to dispose of several motions, the court again declined to hear testimony and further emphasized to the wife’s counsel the reasoning for his actions stating:
The court will acccept your proffer as if it were made under oath by appropriate witnesses. The court is going to deny that. The court is going to hold status quo in the case until such time as the court has benefit of the report of the physician and/or psychologist and also the benefit of the updated report of the Division of Family Services.
The wife contends she was denied a hearing as to temporary custody of the children on basis of improper consideration by the trial court of reports from the Division of Family Services.[1] We decline to consider that contention, despite our awareness of the wife’s position that the husband’s present custody of the children is wrongful, since the effect of the trial court’s ruling was merely to maintain the status quo pending a hearing. The wife has simply failed to demonstrate any abuse of discretion in an area where the trial court is vested with very broad discretion.[2] Therefore, pending an opportunity for the court to properly consider updated reports from Division of Family Services and hear all other evidence material and relevant to the issues in the cause, it is premature to fault the trial court for maintaining the status quo on a temporary basis.
It is imperative now to move this cause toward a final hearing without delay. This litigation is becoming unduly protracted, however, in fairness to the trial court we are aware that venue was not changed to Collier County until August 26, 1974, and since that date three interlocutory appeals have been pursued in this court. Counsel for the parties have each represented to this court on oral argument that they will diligently pursue a prompt determination of this cause. We have every confidence the trial court realizes the necessity for expeditious determinations especially as relates to custody of children[3] and will likewise act with dispatch in bringing this cause to a prompt conclusion.
Accordingly, the orders appealed from are affirmed and this cause remanded to the trial court for conduct of necessary hearings incident to a determination of the issues in this litigation.
HOBSON, Acting C. J., and BOARD-MAN, J., concur.

. See F.S. § 61.20; McGuire v. McGuire, Fla.App.2d 1962, 140 So.2d 354.

. Frazier v. Frazier, 1933, 109 Fla. 164, 147 So. 464, Gunter v. Gunter, Fla.App.1st 1969, 219 So.2d 743.

. Howard v. Howard, Fla.App.2d 1972, 259 So.2d 188.