PER CURIAM.
R.A.B. filed a petition for writ of prohibition in this court in April 1995, challenging the jurisdiction of the circuit court over a petition for adoption. B.M.D. and his wife filed the petition for adoption in February 1994 in the Florida county where they reside. At the time they filed for adoption, and at the time the writ of prohibition was filed in this court, B.M.D. and his wife were Florida residents and citizens who had temporary custody of an orphan pursuant to a custody order from Georgia, the child’s home state.[1]
We conclude that section 63.102, Florida Statutes (1993), gave the circuit court jurisdiction in this case. The fact that Florida is not the child’s home state for purposes of either the Uniform Child Custody Jurisdiction Act, §§ 61.1302-.1348, Fla.Stat. (1993), or the Parental Kidnapping Protection Act, 28 U.S.C. § 1738A (1988), may be a valid reason for the circuit court to stay such a proceeding, to dismiss it without prejudice, or to deny adoption. But this fact alone does not deprive the court of subject matter jurisdiction.
The record in a related appeal, case number 95-02364, reveals that a Georgia court has rescinded the temporary custody order. The child is now living in Georgia with R.A.B. and his wife pursuant to a revised *1306 custody order. Section 63.062(2), Florida Statutes (1993), permits the trial court to require a consent to adopt from either the couple in Georgia who has legal custody of the child or from the Georgia court that has jurisdiction to determine custody. Without elaborating on the facts of this case, such consent is unlikely to be granted if the trial court requires it. These circumstances may indicate that an order granting adoption in this case is unlikely, but we are not convinced that they divest the circuit court of its jurisdiction.
The petition for writ of prohibition is denied.
ALTENBERND, A.C.J., and FULMER and QUINCE, JJ., concur.

. At this time, R.A.B. has standing in this case. In light of our ruling, we do not determine whether he had standing in April 1995.