LAMBERT, J.
Amy Makaros (“Makaros”) appeals the order denying her verified motion to set aside a final judgment of stepparent adoption. She argues that the trial court erred in determining that Florida was the child’s “home state” when the final judgment was entered, and, therefore, the final judgment is void for lack for subject matter jurisdiction. Utilizing the “tipsy coachman” rule, we affirm, but not for the reasons provided by the trial court. See Home Depot U.S.A. Co., Inc. v. Taylor, 676 So.2d 479, 480 (Fla. 5th DCA 1996).
Makaros is the maternal aunt of the minor child. Co-Appellee, Andrew Ci-chocki (“Father”), is the child’s biological father. The child’s biological mother is Joanna Makaros. The biological parents were never married, and at some point, their relationship soured. In June 2008, a Connecticut court granted the mother sole custody of the child.
On February 10, 2012, the child’s mother passed away. By this time, Father had married Co-Appellee, Shannon Cichocki. Shortly after the death of the biological mother, Makaros filed a motion- in the Connecticut court seeking sole custody of the minor child. Father objected, and the parties thereafter reached an agreement, which was approved by the Connecticut court, to share joint custody of the child. Subsequent proceedings involving the child took place in Connecticut resulting in the Connecticut court entering a separate order on September 25, 2012, approving an agreement between Makaros and Father *959 in which Father received “full” custody of the child in Florida, with Makaros having certain visitation and contact rights.[1]
On November 21, 2012, Mrs. Cichocki, as the child’s stepparent, joined by Father, filed a petition in Florida to adopt the minor child. The petition was amended on January 4, 2018, and on January 7, 2018, the Florida circuit court entered its final judgment of stepparent adoption.
In December 2013, Mrs. Cichocki voluntarily sent the child to Connecticut to visit with Makaros during the Christmas holiday. On January 2, 2014, Makaros filed a petition in the Connecticut court seeking custody of the child. Mrs. Cichocki moved to intervene. On January 10, 2014, the Connecticut court held a hearing, and immediately following the hearing, denied Makaros’ petition for custody, ordered the child to return to Florida, and discharged the guardian ad litem who had previously been appointed to represent the child.
In April 2014, Makaros filed her motion in Florida to set aside the final judgment of stepparent adoption. Makaros argued that the Florida court lacked subject matter jurisdiction to enter the final judgment of stepparent adoption because at the time the petition was filed, Florida was not the “home state” of the minor child under the Uniform Child Custody Jurisdiction and Enforcement Act (“UCCJEA”), codified at section 61.502-61.542,' Florida Statutes (2013).[2] An evidentiary hearing was held on this motion, and at the conclusion of the hearing, the Florida court found that the minor child came to Florida on June 14, 2012, and that at the time the amended petition for stepparent adoption was filed in early January 2013, more than six months had elapsed from when the child began residing in Florida. The court also found that in January 2014, the Connecticut court, in denying Makaros’ motion for custody, found that it did not have and was not going to exercise jurisdiction over the child. Accordingly, the Florida court concluded that it-had subject matter jurisdiction over the adoption under the UCCJEA and separately found that Makaros was not entitled to notice of the adoption proceeding under any Florida Statute.
We conclude that the resolution of this ease does not turn on whether Florida was the “home state” of the child under the UCCJEA at the time the court entered the adoption. Rather, we hold that regardless of whether Florida was the “home state” of the child under the UCCJEA at the time the court entered the adoption, the trial court had subject matter jurisdiction to enter the final judgment of adoption. See Petition of B.M.D., 685 So.2d 1305, 1305 (Fla. 2d DCA 1995) (holding that section 63.102, Florida Statutes (1993), gave the circuit court jurisdiction over a petition for adoption even if Florida was not the child’s home state for purposes of the UCCJA); Modacsi v. Taylor, 104 So.2d 664, 666 (Fla. 1st DCA 1958) (“[An adoption] proceeding is not barred merely because a competent court of another jurisdiction has validly exercised its authority by awarding mere custody of the child sought to be adopted when the court before whom adoption is soughft] otherwise has jurisdiction to proceed.... Jurisdiction of the adoption with which we are now concerned vested in the Florida court by virtue of the fact that the child and the petitioner resided within the court’s juris *960 diction and the natural mother gave the required consent.” (footnotes omitted)).
Although not dispositive of the case, we also note that the trial court correctly determined that Makaros, as the maternal aunt with visitation rights procured in a different state, was not entitled to notice of the stepparent adoption proceedings. See § 63.182(2)(a), Fla. Stat. (2012) (“[T]he interest that entitles a person to notice of an adoption must be direct, financial, and immediate, and the person must show that he or she will gain or lose by the direct legal operation and effect of the judgment. A showing of an indirect, inconsequential, or contingent interest is wholly inadequate, and a person with this indirect interest lacks standing to set aside a judgment of adoption.”); cf. § 63.0425(3), Fla. Stat. (2012) (stating that a grandparent’s right to notice, if any, “does not apply in stepparent adoptions”). Nor was her consent required. See generally § 63.062, Fla. Stat. (2012). Father, who had sole “custody” of the child at the time Mrs. Cichocki filed the petition for stepparent adoption, was the only person required to consent to the adoption. He consented. Accordingly, we affirm the trial court’s denial of Makaros’ motion to set aside the final judgment of stepparent adoption.
AFFIRMED.
ORFINGER, J., and JACOBUS, B.W., Senior Judge, concur.

. The present enforceability of this Connecticut order awarding Makaros visitation rights is not before us.

. Makaros also argued that Appellees committed fraud on the court because they allegedly never informed the Florida court of the Connecticut proceeding. However, Makaros has not raised this issue on appeal.