H. JACKSON GREEN, JR., v. JOANNA B. GREEN

188 So. 355
Division A.
Opinion Filed April 25, 1939.

*William W. Judge,* for Appellant;
*B. F. Brass,* for Appellee.

THOMAS, J.—The chancellor rendered his decree in the above suit, brought by the wife against her husband, granting complainant a divorce and fixing the custody of the minor daughter of the parties in the following terms:

"Joanna B. Green * * * is hereby awarded the care, custody, control and possession of Jacqueline Green, the daughter of the parties to this suit; and in such behalf, the Court directs that the Complainant, beginning with the Fall of the year 1937, shall arrange so that the residence of the child will, for a large portion of each year, be in the City of Daytona Beach, Florida, and that the Defendant shall have the right to visit said child at any and all convenient and reasonable times; and the Court hereby retains jurisdiction of this cause, with reference to the custody of said child, to consider said matter in the event any change in circumstances or conditions would warrant a modification of this decree."

The appellant, defendant in the court below, has waived all assignments of error except those questioning the propriety of that part of the final decree which we have quoted.

The child mentioned is a little past five years of age and is being reared in the home of her mother. With the exception of the atmosphere which is inevitably created in

a home where the mother and father cannot agree and seek the court of equity to settle their differences, fortune has smiled on this little girl. The home is shown to have cost seventy-five thousand dollars and there is present a staff of servants consisting of a nurse, house man, butler, cook, maid and a special nurse. Her home is situated in a respectable part of the town of Daytona Beach.

It appears that the mother is affluent, with an income of from ten to twelve thousand dollars a year. She gives several hours a day to the attention of her young daughter, supervises her religious training, attends church herself and takes the child to Maine in the summer months.

We think that the learned chancellor has decided wisely in choosing the mother as custodian, and that by doing so no reflection was cast upon the interest of the father in the child or her well-being.

We have been rather impressed by statements of the physician introduced by the defendant and who said under oath that he was friendly to both parties and thought the defendant was able economically and morally to care for his young daughter, when in reply to this question:

"Q. In your opinion doctor, is there anything that can take the place of a mother's care and attention to a little girl three years old?" — he said: "No, there is nothing like a mother's care for little children."

We are committed to the doctrine that the welfare of the child is the principal feature in determining custody, and that a very large discretion is allowed the chancellor in this respect, Frazier v. Frazier, 109 Fla. 164, 147 South. Rep. 464, although the exercise of such discretion is subject to review.

Nature has prepared a mother to bear and rear her young and to perform many services for them and to give them many attentions for which the father is not equipped. As

was suggested by the testimony in this case, he might provide a home and have friends see that his little daughter was furnished with playmates while he took his place in the business world as a real estate and insurance broker, but this would hardly compare with the care which the mother is able to, and does, furnish.

Bearing in mind the welfare of the child and the respective positions of the father and mother, it seems inescapable that the latter is better fitted to be intrusted with her permanent guardianship. There is nothing in the decree which would preclude the defendant from making as many visits as he wishes at times that are reasonable and convenient. The provision appears, too, that the court retains jurisdiction to enter further orders from time to time as may appear necessary by reason of the change in the circumstances of any of the parties which the chancellor could not anticipate at the time he entered his order.

We think the matter has been fully determined, and the final decree is affirmed.

TERRELL, C. J., and BUFORD, J., concur.

CHAPMAN, J., concurs in opinion and judgment.

Justices WHITFIELD and BROWN not participating as authorized by Section 4687 Compiled General Laws of 1927 and Rule 21-A of the Rules of this Court.