PER CURIAM.
This interlocutory appeal seeks review of two orders in a divorce action. One order required the appellant-husband to pay temporary alimony and support to the wife and two minor children, as well as attorney’s fees, and the other was a restraining order, which required the appellant’s .removal from the marital home and enjoined him from interfering with or molesting the appellee.
A full hearing was had before the chancellor as to the wife and children’s need for and the husband’s ability to supply temporary support pendente lite. Both parties appeared before the chancellor and testified in person, resulting in one of the orders under review.
 An award of temporary alimony, support and attorney’s fees is within the sound judicial discretion of the chancellor and appellate courts are not prone to substitute their judgment as to temporary allowances for that of the chancellor unless it is affirmatively made to appear that the chancellor has abused this discretion. See Lauderdale v. Lauderdale, Fla.App.1957, 96 So.2d 663; Lewis v. Lewis, Fla.App.1958, 104 So.2d 597. In this respect, we have reviewed the testimony before the chancellor, and considered the briefs of the respective counsel as well as oral arguments before the court, and are of the view that the chancellor did not abuse his discretion.
As to the other order sought to be reviewed, the chancellor heard testimony upon the petition of the appellee for a temporary restraining order requiring the appellant to remove himself from the marital home, and we conclude, as did the chancellor, that pending a final disposition of the issues between the parties, the temporary *566 restraining order was justified. No abuse of discretion in granting such order has been pointed out or been made to appear to this court, and the record before us failing to indicate such, we conclude that the order should be affirmed.
In passing, we point out that both orders sought to be reviewed here are temporary in nature and are subject to dissolution, continuance or modification by the chancellor as the facts and justice of the cause may require.
Accordingly, the orders appealed are affirmed.
HORTON, C. J., and PEARSON and CARROLL, CHAS., JJ., concur.