PEARSON, Judge.
This is an appeal from that portion of a final judgment of divorce which grants custody of the two minor children to the father. The mother as appellant urges that the evidence does not support the finding of the trial judge that she is unfit to have custody of the children. She asserts that the trial judge based his determination of the right to custody upon his finding that she had been guilty of adultery.
 We agree with the appellant that it is not the relative guilt or innocence of the parties struggling for the children but the welfare of the children which must be determinative in custody cases. Green v. Green, 137 Fla. 359, 188 So. 355 (1939); Rudolph v. Rudolph, Fla.App.1962, 146 So. 2d 397. In the present case the trial judge has made a specific finding that the appellant is .an unfit person to have the custody of the children. Such a finding shows that the trial judge was considering the welfare of the children and not weighing the equities between the parties.
This finding also removes this case beyond the application of the principle that the mother of young children is best fitted to bestow the affection, care, companionship, and early training suited to their needs. Cf. Kelly v. Kelly, Fla.App. 1964, 163 So.2d 498. Appellant’s marital misconduct does not of itself render her unfit to have the custody of her children; we must determine whether the entire record contains sufficient competent evidence to support the award of custody to the ap-pellee. Bennett v. Bennett, Fla.App. 1962, 146 So.2d 588.
The trial judge found that the actions of the appellant, including but not limited to marital misconduct, demonstrated a pattern of parental irresponsibility on the part of the .appellant. It is unnecessary to detail the record or to guess whether the testimony of psychological disturbance or the testimony of neighbors weighed most heavily in determining the judge’s decision. It is sufficient to say that we find in the record testimony of witnesses which affords a reasonable basis for the decision of the trial judge.
Appellant’s argument urging that the evidence is insufficient because it all pertains to past actions does not demonstrate error in the finding of the trial judge. It is true that the judge must be concerned with fitness for custody at the time of his decision. Bargeon v. Bargeon, Fla.App. 1963, 153 So.2d 10. But the appellant having demonstrated her unfitness by her conduct cannot be heard to say that a new day brings a new person. Only time can demonstrate that the past does not foretell the future. The evidence demonstrates that the appellant was unfit to have custody of the children at the time the trial judge made his decision.
The appellee has filed cross assignments of error directed to the amount of the attorneys’ fees allowed the .appellant in the trial court. This point is supported only by the citation of Hall v. Hall, Fla. App.1967, 200 So.2d 544. Appellee argues that the award of $15,000 attorneys’ fees was excessive on the grounds: (1) that the appellant as defendant admitted her marital indiscretions early in the trial of the cause; (2) that she then changed attorneys and filed a defense alleging the connivance of her husband in her misconduct; (3) that a large part of the long and expensive trial was occasioned by this defense, which the court found to be false. We cannot say that the argument is not valid, but we must point out that it is the type of argument peculiarly suited for the discretion of the trial judge. We are unable to say as a matter of law that the appellant’s admission of marital indiscretions precluded her from conducting a full and complete defense in the divorce action. It must be borne in mind that the purpose of the statute authorizing the allowance of fees for the wife’s attorney against the husband in a divorce action is to place the wife on a financial parity with the husband for the prosecution *728 or defense of the action. Determination of the legal services necessary to afford a wife a full defense to the charges against her .and the fees allowable for those services are peculiarly within the discretion of the trial judge. See Kleinschmidt v. Kleinschmidt, Fla.1953, 66 So.2d 815; Platt v. Platt, Fla.App. 1958, 103 So.2d 253. Error has not been demonstrated upon the cross assignments in view of the extent of the necessary services performed by the appellant’s attorneys and the broad discretion of the trial judge.
Affirmed.