CARROLL, DONALD K., Acting Chief Judge.
The plaintiff-wife in a divorce suit has taken this interlocutory appeal from an order entered by the Circuit Court for Gadsden County denying her petition for modification of the child custody provisions of the final decree of divorce.
The basic question presented for our determination in this interlocutory appeal is whether the said court abused its judicial discretion in denying the plaintiff’s mentioned petition.
A consideration of every principle applicable to the judicial review of cases of this kind leads us to uphold the order appealed from: This order comes to us clothed with the presumption of correctness. In entering this order the chancellor sat as the trier of the facts as to the two main issues before him — as to whether there was a change of circumstances since the time of the entry of the final divorce decree so as to justify the modification sought; and whether the best interests of the children involved require such modification. This court in the present appeal has no authority to substitute its judgment for that of the chancellor as to such issues, where substantial, competent evidence supports the chancellor’s determination. As the Florida Supreme Court said in Green v. Green, 137 Fla. 359, 188 So. 355 (1939):
“We are committed to the doctrine that the welfare of the child is the principal feature in determining custody, and that a very large discretion is allowed the chancellor in this respect, Frazier v. Frazier, 109 Fla. 164, 147 So. 464, although the exercise of such discretion is subject to review.”
In the final divorce decree the chancellor, after granting the divorce, awarded the custody of the parties’ four minor children to the plaintiff-wife but, by stipulation incorporated in the decree, the plaintiff was required to maintain the domicile and residence of the minor children within a 50-mile radius of the City of Tallahassee, Florida. Three months later the plaintiff married a resident of Tampa, Florida, which is much farther than 50 miles from Tallahassee. The plaintiff then filed the instant petition for modification of the final decree, on the basis of the children’s best interests, and changed circumstances, requesting that the chancellor eliminate that portion of the decree requiring the plaintiff to maintain a residence for the children within a 50-mile radius of *71 Tallahassee. The defendant also filed a petition for modification of the decree seeking the custody of the children and alleging that it was not in the best interests of the children to reside with their mother and stepfather in Tampa.
It would serve no useful purpose to set forth here in any detail the evidence adduced by the parties in support of their charges and counter-charges. Suffice it to say that we have examined the record and find therein sufficient substantial, competent evidence to support the order appealed from herein. We cannot say from the record that the chancellor abused his “very large discretion” in determining the critical issue of the best interests of the children.
Therefore, this interlocutory appeal, lacking substantial merit, must, pursuant to our procedural rules, be and it is
Dismissed.
JOHNSON and SPECTOR, JJ., concur.