SPECTOR, Judge.
Appellant filed a suit for separate maintenance and custody and control of minor children. From an adverse final judgment after a full evidentiary, hearing, this appeal is taken.
The complaint in this cause alleged that the parties were married in August of 1950 in the State of Missouri with two children, both boys, being born to them. Their ages were thirteen and fifteen at the time this action was instituted. The two children were alleged to be in the custody of their father who was then residing in Okaloosa County, Florida. The complaint further alleged that the defendant has the ability to contribute to the maintenance of the plaintiff, appellant here, and the children; but notwithstanding such ability, the defendant had been withholding such maintenance from her and had, since 1962, secreted his presence as well as the children’s who had been in his custody since that time. It was alleged that the defendant had taken the children from their residence, then in California, and departed without telling her of his whereabouts. She further alleged that they had lived separate, and apart since then until she located them shortly before the complaint was filed. Plaintiff alleged herself to be a fit and proper person to have custody of the children and requested an award of custody and alimony without divorce in addition to an allowance for their support, costs and attorney’s fees.
*574 In his answer, defendant interposed a defense to the separate maintenance action based on a 1959 divorce he had obtained from the plaintiff in Missouri. His answer asserted that because of the earlier divorce he had no duty or obligation to furnish or provide the plaintiff with any of the necessities of life. He also stated in his answer that he was a fit and proper person to have custody of the children and asked the court to award him their custody subject to reasonable visitation privileges for their mother.
At the final hearing, the trial court permitted the plaintiff to orally amend her complaint so as to assert the invalidity of the Missouri divorce for want of jurisdiction to enter same and, alternatively, by asserting a subsequent common law marriage between her and the defendant in the event the trial court should rule, as it did, that the questioned divorce decree was valid.
As indicated above, the trial court held the Missouri divorce valid and that the evidence adduced at the hearing was insufficient upon which to predicate a common law marriage cognizable in this State. Finally, the trial court ruled that the custody of the children should remain in the defendant father subject to visitation privileges enumerated in the final judgment. Also, of course, the trial court held that since the plaintiff’s collateral attack on the Missouri divorce had failed and efforts to establish a common law marriage were unsuccessful, the plaintiff was not entitled to separate maintenance.
Appellant relies heavily upon Corrigan v. Corrigan, 184 So.2d 664 (Fla.App. 4th 1966), in support of her argument that the trial court erred in holding that the Missouri divorce was valid. It does not appear to us that the facts in this case are similar to those which led the court to its holding in Corrigan, supra. In the latter case, the court’s ruling that the divorce decree there being collaterally attacked was invalid was based on a finding that a fraud had been committed upon the court because the evidence showed that the husband had falsely sworn that he had no knowledge of his wife’s whereabouts for the purpose of procuring constructive service upon her. In the case at bar, there was no affirmative evidence introduced at the hearing which constituted proof that the constructive service which was the predicate for the Missouri divorce was faulty or that it constituted a fraud on the court granting the divorce on which the defendant relied below as was the case in the Corrigan action.
Appellant has failed to demonstrate that the trial court erred in holding the Missouri divorce valid or in holding that the appellant failed to establish the existence of a common law marriage. If no valid marriage existed between the parties at the time this action was commenced, then there is no legal basis for the entry of a separate maintenance judgment.
In Coppersmith v. Coppersmith, 127 So.2d 711 (Fla.App.2d 1961), the court in an elucidative opinion set out the law obtaining in this jurisdiction relative to a woman’s entitlement to separate maintenance and noted that it is necessary to show the existence of the marital relation between the parties as a predicate for such an award. The requirement that the complainant be the lawful wife of the defendant before separate maintenance is awarded was reiterated by this court in Dawson v. Dawson, 164 So.2d 536. Here, as in Dawson, supra, there was ample evidence to support the trial court’s conclusion that there was no valid subsisting marriage between the parties when this action was commenced and that therefore the appellant was not entitled to separate maintenance.
Appellant also contends that the lower court erred in granting custody of the children to the appellee. Sufficeth to say that our review of the evidence before the trial court reflects that there was am- *575 pie evidence presented based upon which the trial court could conclude that the welfare of the children of these parties would best be served by placing them in the custody of their father with whom they had been living in apparent comfort and wellbeing for the preceding five or more years. No reversible error has been demonstrated by the appellant in regard to custody in this case. Green v. Green, 137 Fla. 359, 188 So. 355 (1939); Albritton v. Carraway, 215 So.2d 69, opinion of this court filed October 10, 1968.
The final question we are asked to review is appellant’s entitlement to alimony notwithstanding the finding that the Missouri divorce decree was valid and binding. As stated earlier, the Missouri decree was based on notice by publication. No personal service was had in that action upon the defendant wife who is the appellant here. In such circumstances, appellant’s right to have her entitlement to alimony heard and adjudicated has survived the divorce action in Missouri. It was so held in Pawley v. Pawley, 46 So.2d 464, 28 A.L.R.2d 1358 (Fla.1950), where our Supreme Court, after concluding that a foreign divorce decree obtained by the husband was valid and must be recognized by the courts of this State under the rules of comity, held that even though the bonds of matrimony had been dissolved the wife was still .entitled to have an adjudication of her right to alimony. As authority for its holding on this point in the Pawley case, the court cited 17A Am.Jur., Divorce and Separation, Section 987, as follows:
“§ 987. Necessity for Jurisdiction in Personam in Divorce Action. — The divorce court must have jurisdiction of the wife in personam in order to adjudicate or cut off her right to alimony. While a court may gain jurisdiction to grant a divorce by constructive service upon a nonresident wife, such a service does not give it jurisdiction tó adjudicate alimony rights, and so it is held that an ex parte divorce, obtained by the husband, does not necessarily affect the right of the wife to alimony under the laws of another state, and any express or implied ad-' judication against her claim is void and will not be given effect by comity or under the full faith and credit clause.”
We hold that here, as in the Pawley case, supra, the appellant’s right to alimony under Section 61.08, Florida Statutes, F.S.A., has survived appellee’s action in Missouri by which the matrimonial relationship was severed. Thus, although the court below correctly held that appellant is not entitled to separate maintenance as was prayed for in the pleadings before the trial court, it is apparent that appellant would not be precluded from litigating her entitlement to alimony under Section 61.08, Florida Statutes, F.S.A., after filing the appropriate amended pleadings on remand of this cause.
'The final judgment as it relates to custody of the children and to the adjudication of the foreign divorce decree as valid is hereby affirmed. Insofar as said final judgment holds that appellant is not entitled to separate maintanance, it is affirmed; but as said judgment may relate to alimony under Section 61.08, Florida Statutes, F.S.A., it is reversed and this cause is remanded for further proceedings. See Coppersmith v. Coppersmith, supra, 127 So.2d at page 715.
Affirmed in part and reversed in part.
WIGGINTON, C. J., and JOHNSON, J., concur.