PER CURIAM.
The husband, defendant below, appeals the financial provisions of a final judgment of divorce. We have reviewed the record and considered the points on appeal and find that with the exception of one particular, hereafter noted, the judgment should be affirmed upon the basis of the rule stated in Lauderdale v. Lauderdale, Fla.App. 1957, 96 So.2d 663; Ginsberg v. Ginsberg, Fla. App. 1959, 113 So.2d 565; Silberman v. Katcher, Fla.App.1968, 214 So.2d 726.
The sixth paragraph of the trial judge’s findings is as follows:

6. Defendant failed to support the Plaintiff although fully able to so do from November, 1967, to the date of Final Hearing herein except for payment of rent from July, 1968, through September, 1968, together with some minor telephone, electric and other bills, and during said period Plaintiff actually expended $4,111.50 for her own necessities.”
Pursuant to this finding the court ordered the appellant to pay the appellee: “* * * $4,111.50 by way of reimbursement to the Plaintiff for her necessities from November, 1967, to the date of Final Hearing herein in * * *.”
The finding of fact is supported in the record by a handwritten list from which the appellee testified in establishing the amount expended on necessities during the period of separation and prior to the divorce when no *743 provision was made by the appellant for her support. This list includes two items which are not under the law considered necessities: (1) a pre-existing debt of $860.05; (2) an income tax payment of $69.95.
With the deletion of the sums above mentioned, the record supports the finding that the appellee expended for her support as necessities the sum of $3,181.50. The final judgment of divorce shall be amended by striking from paragraph 4(a) of the adjudication the sum of $4,111.50 and by substituting therefor the sum of $3,181.50. The final judgment as amended is affirmed.
Affirmed as amended.