CARROLL, DONALD K., Judge.
The defendant in a divorce action has appealed from an order entered by the Circuit Court for Columbia County, granting the plaintiff’s post-decretal petition to modify the final decree with regard to the care and custody of the parties’ minor children.
The two points raised by the defendant in this appeal are whether that court committed error in modifying the said final decree in the absence of a showing or finding that circumstances had changed substantially or that the welfare of the children required a modification; and whether that court erred in granting a change of custody over five months after the last hearing in the matter.
*748 The record shows that the plaintiff and the defendant were divorced by the final decree entered on February 16, 1966, awarding the care and custody of the minor children to the defendant. On October 4, 1967, the plaintiff filed a petition praying that he be granted the permanent custody of the minor children. On March 11, 1968, an evidentiary hearing was held before the court, but the custody of the children was not altered at that time. The court did, however, direct in its order that an investigation and social study be conducted of each parent. Reports of the Department of Public Welfare, dated July 9 and August 2, 1968, were filed with the court. Without holding a further hearing, the court entered the order appealed from herein awarding the custody and control of the minor children to the plaintiff.
In the said order, entered on August 29, 1968, the court awarded to the plaintiff the custody and control of the minor children, with visitation privileges to the defendant. In the opening paragraph of its order the court recited that the cause came on to be heard “ * * * upon the Plaintiff’s sworn Petition For Modification Of Final Decree, the testimony of the Plaintiff and his witnesses in support of said Petition, the testimony of the Defendant and her witness taken before the Court at a duly noticed hearing held on March 11, 1968, the Court’s temporary Order dated March 11, 1968, affirming the Final Decree dated February 19, 1966, awarding the Defendant the temporary custody of said minor children and further ordering the State Welfare Department to conduct an investigation and social study concerning all pertinent details relating to the minor children and of each parent, and the Court having received from the State Welfare Department of Columbia County and Alachua County a complete and thorough written social study on the minor children and each parent, and the Court being otherwise fully advised in the premises. * * * ”
Unfortunately, however, there is no written transcript available of the testimony taken at the above-mentioned hearing.
At least four rules established in this state are in aid of the appellee-plain-tiff in this appeal: (1) the rule that the order appealed from comes to us clothed with the presumption of correctness; (2) the rule that in an appeal the appellant has the burden of demonstrating reversible error; (3) the rule in child-custody cases is that the chancellor has a “very large discretion”; and (4) the rule that in equity cases of this kind, the chancellor sits as the trier of the facts, and an appellate court has no authority to substitute its judgment for that of the chancellor as to questions of fact determined by him, where substantial, competent evidence supports the chancellor’s determination.
All of these rules were similarly applied in our recent decision in Albritton v. Carraway, 215 So.2d 69 (1968), where the plaintiff-wife in a divorce suit appealed from an order of a circuit court denying her petition for modification of the child-custody provisions of the divorce decree. In the course of our opinion we said:
“A consideration of every principle applicable to the judicial review of cases of this kind leads us to uphold the order appealed from: This order comes to us clothed with the presumption of correctness. In entering this order the chancellor sat as the trier of the facts as to the two main issues before him — as to whether there was a change of circumstances since the time of the entry of the final divorce decree so as to justify the modification sought; and whether the best interests of the children involved require such modification. This court in the present appeal has no authority to substitute its judgment for that of the chancellor as to such issues, where substantial, competent evidence supports the chancellor’s determination. As the Flor *749 ida Supreme Court said in Green v. Green, 137 Fla. 359, 188 So. 355 (1939):
‘We are committed to the doctrine that the welfare of the child is the principal feature in determining custody, and that a very large discretion is allowed the chancellor in this respect, Frazier v. Frazier, 109 Fla. 164, 147 So. 464, although the exercise of such discretion is subject to review.’ ”
In innumerable cases the appellate courts of Florida have recognized the rule that an order appealed from comes to the appellate court clothed with the presumption of correctness. We applied this rule, for instance, in Gunter v. Gunter, 219 So.2d 743 (Fla.App.1969), which was an appeal from a post-decretal order changing the custody of divorced parties’ children from the plaintiff to the defendant. In that case, however, we found that there was sufficient, substantial evidence in the record to support the chancellor’s findings of fact.
In many other decisions, however, the appellate courts of Florida have applied the above presumption of correctness where there was no record of the evidence, as in the case at bar. For example, in Goff v. Goff, 151 So.2d 294 (Fla.App.1963), the Third District Court of Appeal said:
“In the absence of a record, it must be presumed that there was testimony before the chancellor which convinced him that it would have been inequitable for him to enforce his rule to show cause. This ruling must be affirmed.”
Again, in Rosenbaum v. Rosenbaum, 204 So.2d 546 (Fla.App.1967), involving a petition to modify the custody provisions of a divorce decree, the Fourth District Court of Appeal declared:
“It is apparent from the recitals and findings in the order that the judge of the lower court based his ruling upon the testimony of the witnesses who appeared before him. None of said testimony has been incorporated in the record which is before this court so that it could be reviewed. Without it this court must indulge in the presumption of correctness of the order of the lower court and affirm same. Trustees of Internal Improvement Fund of State Fla. v. Toffel, Fla.App. 1962, 145 So.2d 737; Dixon v. Davis, Fla.App.1963, 155 So.2d 189.”
For the foregoing reasons the order appealed from herein must be and it is
Affirmed.
JOHNSON, C. J., and RAWLS, J., concur.