330 So.2d 835 (1976)
Helen DeLALIO and Plerre DeLalio, Her Husband, Appellants,
v.
FOOD PALACE, INC., a Florida Corporation and the Travelers Insurance Company, Appellees.
No. 75-772.
District Court of Appeal of Florida, Third District.
April 27, 1976.
Spencer & Taylor, Miami, for appellants.
Adams, George, Wood, Lee & Schulte and David L. Willing, Miami, for appellees.
Before PEARSON, HENDRY and HAVERFIELD, JJ.
HENDRY, Judge.
Appellants, plaintiffs below, appeal from a final judgment of the trial court denying *836 their motion for writ of garnishment against appellee Travelers Insurance Company, garnishee below, based on a final judgment of the trial court entered against appellee Food Palace, Inc., defendant below.
The action below was commenced by appellants on September 3, 1970, when they filed a complaint seeking damages for injuries sustained by appellant Mrs. Helen DeLalio in a slip and fall accident in appellee Food Palace, Inc.'s, grocery store. Thereafter, on October 27, 1970, appellants' motion for a default was granted. Subsequently, the issue of damages was tried before a jury, and on January 30, 1973, the trial court entered a final judgment, incorporating the jury's verdict assessing damages against appellee Food Palace, Inc., in the total amount of $80,000, in favor of appellants.
On February 1, 1973, appellants filed a motion for writ of garnishment against appellee Travelers Insurance Company (Travelers) alleging that it had issued a valid policy of liability insurance protecting appellee Food Palace, Inc., from the liability out of which the final judgment resulted and was contractually bound to pay the judgment. Appellee Travelers answered the motion and denied that it was in possession or control of any property belonging to appellee Food Palace, Inc., or that it was indebted to appellee Food Palace, Inc. Appellee Travelers answered further by stating that appellee Food Palace, Inc., had failed to give it timely notice of the claim which was the subject matter of the garnishment; said notice being a condition precedent to any liability coverage under its contract of insurance with appellee Food Palace, Inc. After a hearing, the trial court entered a final judgment dated April 18, 1975, denying appellants' motion for a writ of garnishment. From this final judgment, appellants appeal.
Appellants contend as follows:
(1) that the trial court erred in finding appellee Travelers had been prejudiced by any delayed notice to it of appellants' claim, because they had offered to waive any theory of their claim by which appellee asserts it was prejudiced; and
(2) that the trial court erred in not finding appellants to have been third party beneficiaries under the liability insurance policy and by not finding that appellants' rights to benefits under the policy arose or vested at the time of the accident.
Appellee Travelers contends that when an issue of prejudice is injected into a "delayed notice" case, the insurer is not required to show that it was prejudiced by the failure of the insured to give timely notice, but that a rebuttable presumption of such prejudice arises. As authority for this proposition, it cites the following cases: Niesz v. Albright, Fla.App. 1969, 217 So.2d 606; Deese v. Hartford Accident and Indemnity Co., Fla.App. 1967, 205 So.2d 328; Hartford Accident and Indemnity Co. v. Mills, Fla.App. 1965, 171 So.2d 190; and American Fire & Casualty Co. v. Collura, Fla.App. 1964, 163 So.2d 784. Appellee Travelers further contends that its liability policy with appellee Food Palace, Inc., made notice of any claim a condition precedent to any action against it on the policy. As authority for this proposition, it cites the following cases: Fidelity & Casualty Co. v. Tiedtke, Fla.App. 1968, 207 So.2d 40; Deese v. Hartford Accident and Indemnity Co., supra; and Midland National Insurance Co. v. Watson, Fla.App. 1966, 188 So.2d 403. Appellee Travelers argues that, based on these two propositions of law, the trial court did not err in entering the final judgment denying appellants' motion for a writ of garnishment.
Where a case is tried nonjury before a trial judge, the conclusions he reaches have the weight of a jury verdict. These conclusions, when appealed, arrive at the appellate court clothed with a presumption of correctness, and in testing the *837 accuracy of such conclusions the appellate court should interpret the record and all reasonable inferences and deductions capable of being drawn therefrom in the light most favorable to sustain those conclusions. The appealing party has the burden of clearly demonstrating that the trial court's decision is erroneous. See, e.g., Lodding v. Dunn, Fla.App. 1971, 251 So.2d 560, cert. den. 258 So.2d 818 (Fla.); Strickland v. Jacobs, Fla.App. 1970, 235 So.2d 747; and 2 Fla.Jur., Appeals § 346.
We have considered the record, all points in the briefs, and arguments of counsel in the light of the controlling principles of law, and have concluded that no reversible error has been demonstrated. Therefore, for the reasons stated and upon the authorities cited, the final judgment appealed is affirmed.
Affirmed.