HENDRY, Judge.
Appellants/defendants appeal from an amended final judgment rendered in favor of appellees/plaintiffs in an action for payment of a real estate brokerage commission.
In 1973, appellants, the owners of approximately five hundred acres of unimproved land located in Broward County, Florida, entered into a brokerage agreement with appellees. In pertinent part, the agreement provided that:
*1131 “To induce you (appellants) to proceed with negotiations for the sale of the above property to Samuel J. Fountas and to enter into a contract of sale, the undersigned confirms that we (appellees) have been acting as real estate brokers in connection with such transaction and that our understanding with respect to compensation that may be payable to us in connection with such sale is and shall be as follows:
“We agree that no brokerage commission or compensation of any nature shall be payable to us unless and until a deed has been executed and delivered and the full purchase price received and all other terms of said agreement of sale have been complied with; at which time we agree to accept in payment of all brokerage commissions and compensations due us the sum of $350,000 payable as follows: one-third on closing, one-third on the first anniversary of the closing and the balance on the second anniversary of the closing.
“If for any reason whatsoever, whether due to the default of the Owner or the default of the Purchaser, willful or otherwise, the deed is not delivered and the full purchase price is not paid and/or the conditions of the contract of sale have not been completely fulfilled, then in such event no brokerage commission or compensation shall be payable . . . ”
Subsequently, a contract of sale of the property was executed by appellants and the purchaser. The contract of sale provided for a purchase price of $2,000,000.00 in cash at the closing and the balance in the form of a purchase money note secured by a purchase money mortgage. The note was in the amount of $5,000,000.00 payable in five equal annual installments, commencing one year after the date of closing.
Title closed on the property on January 25, 1974, and the first installment of the brokerage commission was paid at that time, pursuant to the above agreement. When the first payment under the note and mortgage became due in January, 1975, the purchaser could not make the $1,000,000.00 payment. As a consequence of the purchaser’s failure to make payment, appellants did not tender the second installment of the brokerage commission. Appellees thereupon initiated an action in the trial court for the remaining portion of their commission. Subsequent to a non-jury trial, judgment was entered in favor of appellees for the balance of the commission and appellants have appealed from that judgment.
Appellants’ primary point on appeal centers around an interpretation of the above brokerage agreement. Appellants argue that appellees are not entitled to receive the balance of the brokerage commission because the full purchase price of the property had not been paid. Appellants argue that because the purchaser of the property defaulted on the note and mortgage obligation, the full purchase price was never received by appellants and a condition precedent to the payment of the commission never fulfilled.
Appellees, on the other hand, argue that the full purchase price of the property was, in fact, paid to appellants. Appellees contend that, along with the initial downpayment of $2,000,000.00, the purchase money note and mortgage executed by appellants and the purchasers constituted payment of the full purchase price. In support of their contention, appellees point to the fact that had the full purchase price of the property not been paid to appellants, then appellants would not have paid appellees part of the latters’ commission, pursuant to the schedule contained in the agreement.
The trial judge agreed with appellees’ position and entered judgment which included lengthy findings of fact and conclusions of law. In part, those findings are set forth below:
“The broker’s contract (Plaintiff’s exhibit # 1) states that the commission becomes payable when a deed is executed and delivered and the full purchase price received and all other terms of the sale agreement complied with. The Defendants contend that the deed was executed and delivered, and the mortgage documents were duly signed and recorded, the cash at closing was paid, but the default *1132 in the mortgage subsequent to the closing violates the terms of the contract of sale and the purchase price is therefore not paid and the Plaintiffs are not entitled to the balance of their commission.
“The contract of sale (Plaintiff’s exhibit # 2 in evidence) referred to in the broker’s agreement provided for the conveyance of title and method of payment. The seller was to execute a mortgage. A mortgage is a security instrument given for the purpose of securing a debt or the performance of a duty. The mortgage is merely incidental to the obligation that it secures. Johns v. Gilliam, [134 Fla. 575] 184 So.[2d] 140 (1938).
“A purchase money mortgage is a mortgage given by the purchaser of real estate to the vendor to secure the payment of its purchase price. The vendor takes the promissory note and purchase price, in whole or part. Thus, the conditions of the broker’s agreement (exhibit # 1) and the contract for sale (exhibit # 2) have been fully met. The property was sold by deed and the purchase price paid (part in cash and part by a purchase money mortgage).”
The trial judge also found that certain correspondence between appellants and some of appellees, subsequent to the purchaser’s default, concerning a deferment of the commission did not constitute a novation and/or a modification of the brokerage agreement.[1]
After a careful review of the record, we conclude that the trial judge’s findings were based upon substantial, competent evidence and, as such, the judgment of the trial court is hereby affirmed. DeLalio v. Food Palace, Inc., 330 So.2d 835 (Fla. 3d DCA 1976).
Affirmed.

. The trial judge did not so find, but we nevertheless note, that this attempted deferment of the commission lends additional support to the contention of appellees that all conditions precedent to the payment of the commission had been met and after the closing, the monies were then due and owing according to the schedule contained in the brokerage agreement.