NIMMONS, Judge.
This is a child custody dispute. The parties are parents of two children: Eric, age 8, and Allison, age 3. After a 12-year marriage, the husband filed a petition for dissolution. The court granted the dissolution and in its final order found “that both parties are concerned loving parents and that shared parental responsibility will be in the best interest of the children.” The court awarded both parents shared parental responsibility, but awarded primary physical residence of the children to the mother. The father appeals the award of primary physical residence.
The children lived with both parents during their entire lives until shortly before the divorce, when the children remained in the marital home and the parents alternated staying there in two week cycles. At the final hearing, a court-appointed psychologist testified that the father had become the “primary psychological parent” to the son, who now looked primarily to the father for security and guidance. However, the psychologist also testified that the psychological parent was not as clear with respect to the daughter and that the daughter still had a close bond with the mother. He opined that both parents were fit and recommended an equally shared custodial arrangement. In the alternative, he recommended that primary physical residence of both children be awarded to the father. He testified that the residence of the children should not be split, but that they should reside together. Testimony further indicated that the father had taken over more of the day-to-day care of the children than the mother.
We decline to reverse the trial court. Although we might have reached a different result at the trial level, we do not have that prerogative on appeal. The trial court is given broad discretion in child custody matters. Kern v. Kern, 333 So.2d 17 (Fla. 1976). In Kershner v. Crocker, 400 So.2d 126 (Fla. 5th DCA 1981), our sister court recognized that the trial judge is in an “infinitely superior role” than the appellate court in determining custody. As Judge Upchurch observed:
We suspect that when Solomon threatened to cleave a child in two to solve the *1270 problem of choosing between two women who claimed the child, he learned as much from their faces as he did from their testimony. Although these unrecorded factors are nebulous and impossible for the trial judge to articulate even if he is aware of their influence, they give him a unique advantage over a reviewing court. Therefore, we are most reluctant to overrule a custody decision except where an error is apparent and compelling.
Id. at 127.
From the evidence presented, we cannot conclude that the trial judge abused his discretion in determining that the childrens’ best interests would be served by an award of primary physical residence to the mother. The trial court was entitled to consider the fitness of the mother as a parent, the distinction (recognized by the psychologist, as referred to above) between the father/son relationship and the father/daughter relationship, the tender age of the daughter[1], the close relationship between the mother and daughter, and the fact that the children should not be split apart. We note that it seems not to be a very large step from equally-shared parental responsibility and physical residence, as the psychologist recommended, to equally shared parental responsibility but primary physical residence in the mother with liberal visitation by the father. Typical of most highly-charged and sensitive custody disputes, the trial judge’s decision was a most difficult one. We will not, on the basis of this record, substitute our judgment for his.
AFFIRMED.
MILLS and WENTWORTH, JJ., concur.

. Dinkel v. Dinkel, 322 So.2d 22 (Fla.1975); Green v. Green, 137 Fla. 359, 188 So. 355 (1939).