NIMMONS, Judge.
Appellant appeals from an order denying his motion for change of custody. Finding that there is a lack of competent substantial evidence to support the order, we reverse.
A final judgment of dissolution was entered in September, 1985. Pursuant to stipulation, the judgment provided for shared parental responsibility of the parties then four-year old son but awarded primary physical residence to the appellee.
Appellant is 29 years old and has eleven and one-half years of active duty in the United States Navy. He is a machinist mate second class, pay grade E-5. At the time of the modification hearing, appellant was assigned to shore duty in Jacksonville.
*1284 In October 1984, appellant left on a seven-month Navy cruise. Shortly after leaving on the cruise, appellant was informed that appellee’s then live-in boyfriend had gone to the restaurant where appellee was employed and shot and killed a man and then committed suicide. It was not until after the dissolution that appellant learned that his son had been in the automobile with the boyfriend when the latter went into the restaurant to kill the other man and that afterwards the boyfriend dropped the parties’ son off at another location before the boyfriend committed suicide.
After the dissolution, appellee experienced mental health problems. On one occasion in October, 1985, appellee caused a disturbance at the appellant’s residence during the son’s overnight visitation with appellant. She was intoxicated and had admittedly taken a Schedule I controlled substance under Section 893.03(l)(d), Florida Statutes, a felony under Section 893.-13(l)(e). She was taken to the psychiatric unit of a nearby hospital where she remained for approximately two weeks. Thereafter, she underwent mental health counseling for two months and took antidepressant medication for three months.
During the nine-month period between the final dissolution and the modification hearing, the appellee changed residences five times. Also, until a week before the modification hearing, the 26 year old appel-lee was living with her 18 year old boyfriend. At times her living arrangements have required that she, her lover and son sleep in the same room. Shortly before the modification hearing, on the advice of ap-pellee’s attorney, appellee’s young lover moved out and went to Michigan.
At the time of the hearing, the child was sharing a room with appellee’s 30 year old brother, an alcoholic who drinks in the apartment where he, appellee and the child were living although the testimony was that the appellee's brother did not drink to excess in the presence of the child.
At the time of the hearing, appellant was living in a two-bedroom apartment with his present wife who he married in January, 1986, and his present wife’s mother. The evidence is uncontradicted that the appellant is a loving father who, along with his present wife and mother-in-law, seek to provide a stable home environment for the child. Indeed, the trial court specifically found that “the father who has remarried has a sincere and abiding interest in the well-being of his son and certainly is an able and fit parent.”
Appellant’s enlistment was due to expire in November, 1986. His decision as to whether to reenlist would, according to his testimony, be largely governed by whether he would be offered shore duty so as to assure that he would not be separated from his son for extended periods.
On May 30, 1986, the trial court entered its order denying the appellant’s motion seeking modification of custody. The trial court, while finding that the appellee’s actions and relationships resulted in an “inappropriate environment as required by the best interest of the child,” nevertheless denied modification, the trial judge finding: “It was the impression of the court that the wife now recognizes the significance of her role as a mother as taking precedence over other matters.” The order also stated that the court did not find that there had been a substantial change of circumstances since the final judgment.
Modification of child custody requires a showing of a substantial change in circumstances since the entry of the original judgment and that the best welfare of the child will be promoted by such change in custody. Shelley v. Shelley, 480 So.2d 166 (Fla. 1st DCA 1985); Alderman v. Alderman, 484 So.2d 1385, 1387 (Fla. 1st DCA 1986). The burden on the movant seeking modification of custody has been characterized as an “extraordinary” one. Zediker v. Zediker, 444 So.2d 1034 (Fla. 1st DCA 1984); McGregor v. McGregor, 418 So.2d 1073 (Fla. 5th DCA 1982); Evans v. Evans, 490 So.2d 1035 (Fla. 1st DCA 1986).
Even with such a heavy burden on the movant and even though the trial court is given broad discretion in child custody matters, Boatright v. Boatright, 490 So.2d 1269 (Fla. 1st DCA 1986), we nevertheless *1285 are compelled to reverse inasmuch as the record before us clearly demonstrates that the appellant carried his burden and that there is no competent substantial evidence to support the order denying modification.
The only factor which arguably weighs in favor of denial of modification is, as mentioned above, the “impression of the [trial] court that the wife now recognizes the significance of her role as a mother as taking precedence over other matters.” Although a trial court may legitimately take into consideration the custodial parent’s remorse or contrition for past conduct in fostering an unfit environment for raising a child, such past actions and conduct must, as in this case, at some point outweigh, as a matter of law, bare promises to do better.
REVERSED.
ERVIN and BARFIELD, JJ., concur.