Mr. Robert L. Nabors Attorney At Law Barnett Bank Building, Suite 800 315 South Calhoun Street Tallahassee, Florida 32301
Dear Mr. Nabors:
You have asked on behalf of the Board of County Commissioners of Polk County, Florida (board) substantially the following question:
May a solid waste assessment imposed by county ordinance be collected as a non-ad valorem assessment under s. 197.3632, F.S., when the assessment applies to all improved residential property in a municipal service benefit unit created by the ordinance and the county commission has determined that the land within the unit is benefitted in an amount equal to or exceeding the assessment?
In sum, I am of the following opinion:
A solid waste assessment which applies to all improved residential property within a municipal service benefit unit created by ordinance for waste collection and which is assessed after the county commission has determined that the subject property receives a special benefit from the expenditure of the collected funds in addition to the general benefit accruing to all property owners, may be collected as a non-ad valorem assessment under s.197.3632, F.S.
You have requested a clarification of AGO 89-85 to resolve whether the conclusions in that opinion prevent Polk County from collecting an assessment for solid waste collection under s.197.3632, F.S.
Polk County has created by ordinance a municipal service benefit unit to provide garbage collection to the unincorporated areas of the county.[1] All owners and occupants of residential property in the unincorporated area of Polk County are required to use the garbage collection service, unless granted an exemption pursuant to the ordinance.[2]
To pay for the cost of garbage collection, Polk County imposes annual "Solid Waste Assessments" on all residential property within the unit.[3] The amount of each assessment is determined through a rate resolution adopted by the Polk County Commission.[4] The commission, furthermore, has made the determination that the collection and disposal of solid waste constitutes "a benefit to all Residential Property, equal to, or in excess of, the cost of providing such Residential Collection Service."[5]
To qualify as a special assessment, the governing authority must make a determination that the property derives some special, ascertainable benefit, above and beyond the general benefit received by all property or the public as a result of the service or capital facility funded by the assessment.[6] This determination is one which is made by the governing body of the county and, once made, must be presumed by this office to be valid. A determination of its validity would involve mixed questions of law and fact which is beyond the authority of this office to consider. Any question as to the validity of such a determination would be addressed in a judicial proceeding.
In AGO 89-85, this office concluded that a fee collected by a county for garbage collection provided to those county residents choosing to use the service was not a special assessment which could be collected as a non-ad valorem assessment under s.197.3632, F.S. In AGO 89-85, the fees collected were flat fees, imposed only upon those persons choosing to use the service, and the county had not created a municipal service benefit unit through which special assessments could be imposed for the collection of garbage.
Thus, it was concluded that the garbage collection fee was a charge for the services rendered, unrelated to any peculiar or special benefit received by the property, and did not satisfy the requirements for a non-ad valorem assessment contemplated in s.197.3632, F.S. It should be noted that the conclusions reached in AGO 89-85 are limited to the facts presented in that situation, and would not apply to a properly imposed special assessment.[7]
Considerable confusion has arisen regarding the terms tax, special assessment, and service or user charges. Generally, a tax is a forced burden or charge assessed by a reasonable rule of apportionment on persons or property.[8] Special assessments are not taxes,[9] but are "charges publicly assessed against the property of some particular locality because that property derives some special benefit from the expenditure of the money collected by the assessment in addition to the general benefit accruing to all property or citizens."[10] Unlike a tax, special assessments are a special charge on land justified by the land deriving a special benefit in addition to the general benefit to the public.[11]
The courts of this state have recognized that special assessments may be imposed for the furnishing of garbage collection.[12] In Charlotte County v. Fiske,[13] the district court found that waste collection could be provided through special assessments, even though no capital improvements were involved.[14] Thus, where the provision of a service such as garbage collection is shown to bestow some special or peculiar benefit to the property above the benefits generally derived by all property or the public, special assessments may be imposed to fund such service.
Section 125.01(1)(q)1., F.S., authorizes a county to establish "municipal service taxing or benefit units for any part or all of the unincorporated area of the county, within which may be provided . . . garbage and trash collection and disposal . . . from funds derived from service charges, special assessments, or taxes within such unit only." (e.s.) Thus, s. 125.01, F.S., authorizes a county to impose special assessments to generate funds to provide garbage and trash collection within a municipal service taxing united created for that purpose.
Section 197.3632, F.S., allows local governments authorized to impose non-ad valorem assessments to use the uniform method of collecting such assessments in that section.[15] A non-ad valorem assessment is only "those assessments which are not based upon millage and which can become a lien against a homestead as permitted in s. 4, Art. X of the State Constitution."[16] The special assessment imposed by Polk County is based upon the benefit to the assessed property and becomes a lien against such property.[17] It would appear, therefore, that the solid waste assessment imposed by Polk County is a "non-ad valorem assessment" which may be collected pursuant to s. 197.3632, F.S.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] Part III, s. 18, Polk County Ordinance No. 89-17.
[2] Part II, ss. 5 and 6, Polk County Ordinance No. 89-17.
[3] Part III, s. 20(C), Polk County Ordinance No. 89-17.
[4] Part III, s. 21, Polk County Ordinance No. 89-17.
[5] Part I, s. 4(B), Polk County Ordinance No. 89-17.
[6] Cf., City of Naples v. Moon, 269 So.2d 355, 358 (Fla. 1972) (benefits independently measured and reduced to numerical factors in the case of each property holder validated charges as special assessments).
[7] This office has been provided a copy of a proposed Flagler County ordinance which was drafted subsequent to, and presumptively in response to, the issuance of AGO 89-85. The draft ordinance provides for mandatory garbage collection in a solid waste disposal special assessment district.
[8] See generally, 50 Fla.Jur.2d Taxation 1:2.
[9] See, e.g., Marshall v. C. S. Young Construction Co.,113 So.2d 565 (Fla. 1927); Jackson v. City of Lake Worth, 23 So.2d 526 (Fla. 1945) (assessment for benefit, although not strictly a tax, is a burden levied under the power of taxation); Atlantic Coast Line R. Co. v. City of Lakeland, 115 So. 669 (Fla. 1927) (assessment for local improvement is part of system of taxation); Anderson v. City of Ocala, 91 So. 182 (Fla. 1922) (power exerted in imposing and collecting special assessments is the taxing power of the state). And see, 48 Fla.Jur.2d Special Assessments s. 5, stating:
While special or local assessments are clearly distinguishable from taxes generally, they are, in a certain sense, taxes, and the making of special or local assessments is generally recognized to be an exercise of the taxing power. They . . . are sometimes referred to as "taxation."
This office has consistently stated that special assessments, while not a tax, constitute a peculiar form of taxation. Such a conclusion is based upon the foregoing authorities which have not been overruled or overturned.
[10] 48 Fla.Jur.2d Special Assessments s. 1.
[11] Id. at s. 2.
[12] See, e.g., Charlotte County v. Fiske, 350 So.2d 578 (2 D.C.A. Fla., 1977). Cf., Gleason v. Dade County, 174 So.2d 466 (3 D.C.A. Fla., 1965) (pursuant to ordinance, special assessments for waste collection which became liens against the realty upheld).
[13] 350 So.2d 578 (2 D.C.A. Fla., 1977).
[14] Id. at 580.
[15] Section 197.3632(3)(a), F.S.
[16] Section 197.3632(1)(d), F.S. Section 4, Art. X, State Const., provides:
(a) There shall be exempt from forced sale under process of any court, and no judgment, decree or execution shall be a lien thereon, except for the payment of taxes and assessments thereon, obligations contracted for the purchase, improvement or repair thereof, or obligations contracted for house, field or other labor performed on the realty, the following property owned by a natural person: (1) a homestead . . . (2) personal property to the value of one thousand dollars. . . . (e.s.)
[17] Part III, s. 27, Polk County Ordinance No. 89-17.