# Third District Court of Appeal

## State of Florida

Opinion filed October 29, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-2131
Lower Tribunal No. 22-3514-CA-01
_____

**College Health II GP, Inc.,**
Appellant,

vs.

**Essam Fahad Zahid, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Mavel Ruiz, Judge.

Sniffen & Spellman, P.A., and Robert J. Hauser (West Palm Beach); Coffey Burlington, P.L., and Robert K. Burlington and Daniel F. Blonsky; Dorta Law, and Gonzalo Dorta; Burstyn Law, and Sean A. Burstyn, for appellant.

Bilzin Sumberg Baena Price & Axelrod LLP, and Raquel M. Fernandez, Adrian K. Felix, and Patricia M. Patino, for appellees.

Before SCALES, C.J., and LINDSEY and BOKOR, JJ.

PER CURIAM.

Appellant College Health II GP, Inc. ("Seller"), the plaintiff/counter-defendant below, appeals from a September 30, 2024 final judgment in favor of the defendants/counter-plaintiffs below, appellees Essam Fahad Zahid and Lea Melodie Marin ("Buyers"). Finding no reversible error, we affirm the challenged judgment.

This litigation arises out of the failed closing of a transaction governed by a real estate purchase and sale agreement ("PSA") between the parties. After conducting a two-day bench trial, the lower court, in a fourteen-page, elaborated final judgment, concluded that, because Seller had breached the PSA by failing to provide marketable title at closing, Buyers were entitled to the return of their deposit.

In this appeal, Seller primarily challenges the trial court's interlocutory order denying its motion for summary judgment, in which Seller argued that Buyers had breached the PSA by interfering with Seller's ability to provide marketable title at closing. According to Seller, the trial court should not have conducted a bench trial below because there were no genuine disputes of material fact to be resolved by the fact finder. See Fla. R. Civ. P. 1.510(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to

2

judgment as a matter of law."). We disagree. Viewing the summary judgment evidence and inferences therefrom in a light most favorable to Buyers, the record reveals genuine disputes of material fact as to whether Buyers' actions breached the PSA. See Devolro Inc. v. Kungeibayev, 407 So. 3d 1252, 1255 (Fla. 3d DCA 2025) (observing that, even after Florida's adoption of the federal summary judgment standard, "**summary judgment is not a substitute for the trial of disputed fact issues**" (quoting In re Amends. to Fla. Rule Civ. Proc. 1.510, 309 So. 3d 192, 194 (Fla. 2020))). The trial court, therefore, properly denied Seller's motion for summary judgment and proceeded to trial. Id. at 1256.

Seller's alternate argument – that the trial court's factual findings are not supported by competent, substantial evidence – is without merit. See Q.G.S. Dev., Inc. v. Nat'l Lining Sys., Inc., 386 So. 3d 596, 598-99 (Fla. 3d DCA 2024) ("[T]he scope of our review does not entail examining evidence that potentially supports a different result. Instead, we must only determine whether the findings of the trial court are supported by competent, substantial evidence. In this vein, 'the appellate court should interpret the record and all reasonable inferences and deductions capable of being drawn therefrom in the light most favorable to sustain [the trial court's] conclusions.'" (quoting

DeLalio v. Food Palace, Inc., 330 So. 2d 835, 837 (Fla. 3d DCA 1976) (citation omitted)).

Affirmed.