PER CURIAM.
This interlocutory appeal is brought to review an order making allowances pen-dente lite of alimony, suit money and attorney’s fees. No abuse of discretion has been shown as to the allowances of temporary alimony and suit money. See Landy v. Landy, Fla.1953, 62 So.2d 707; Ginsberg v. Ginsberg, Fla.App.1959, 113 So.2d 565.
The appellant, defendant, urges that the law set forth in Thoni v. Thoni, Fla. App.1965, 179 So.2d 420, requires expert testimony for the setting of the amount of temporary attorney’s fees. We are not convinced that, in every case, these principles require expert testimony for an initial award of attorney’s fees pendente lite, nor do we think that it can be said that such a holding is necessary to protect the litigants from excessive pendente lite fees.
We find that the record wholly fails to support an award of $5,000 attorney’s fees pendente lite for the wife at this time. Viewed in its best possible light, the record shows an expenditure of 108 hours by attorney for the plaintiff and no difficulties which would make the case unusual. A large portion of the work already performed by plaintiff’s attorney consists of taking depositions relative to financial matters. Only the subsequent progress of this case will determine how much of this work was essential to a protection of the rights of the plaintiff, wife.
The plaintiff estimates her husband’s worth at $700,000, and the record contains evidence that the appellant, husband, admits to a net worth of $400,000. It is therefore apparent that there are sufficient funds to fully compensate the wife for any reasonable attorney’s fee she may incur. It is possible that it may become necessary, in order to establish some of the issues in this cause, to make a more exact estimate of the husband’s worth, but at the present time the exact amount of appellant’s holdings does not appear to be essential to the progress of the cause. Ordinarily, where a husband admits to sufficient worth to take care of all necessary alimony, charges and fees, it is not essential to establish his exact financial worth. Jacobs v. Jacobs, Fla.1951, 50 So.2d 169. Cf., Garfield v. Garfield, Fla.1952, 58 So.2d 166.
We therefore hold that the record does not support the fee allowed and that the maximum fee allowable on the record presented to us is $1500. The cause is therefore remanded with directions to enter an amended order on the application for at *925 torney’s fees pendente lite allowing $1500 at this time. In this connection it should he noted that if the case before the chancellor develops in a direction or degree not within the contemplation of the last hearing before the chancellor, then a further allowance of attorney’s fee pendente lite may be made as the record may justify.
Affirmed in part and reversed in part.