PER CURIAM.
Appellant husband seeks review of an adverse final judgment rendered in favor of his wife, appellee herein, by which she is granted separate maintenance unconnected with divorce.
The first two points on appeal question the sufficiency of the evidence to sup *869 port the judgment awarding both temporary-alimony pendente lite and separate maintenance. Appellant failed to testify in his own behalf, nor did he adduce any evidence in opposition to the proof submitted by ap-pellee in support of her complaint. Our review of the record reveals substantial evidence supporting the issues raised by the pleadings on which the trial court based its findings and conclusions.
Appellant’s last point challenges the correctness of the trial court’s order denying his motion for a continuance of the final hearing because of his alleged physical and mental incapacity and inability to attend the hearing. It is our view that the trial court’s offer to continue the final hearing on the condition that appellant agree to stay all further proceedings in the divorce action brought by him against appellee in the State of Georgia until the conclusion of the case sub judice was eminently fair, and the court’s denial of appellant’s motion for continuance prompted by his refusal to agree to the condition imposed by the trial court did not constitute an abuse of discretion.
In our review of the issues presented for decision we have given due consideration to the applicable principle that a judgment of the trial court reaches the appellate court clothed with a presumption of correctness. It is not the province of this court to substitute its judgment for that of the trier of the facts. These findings will not be' disturbed in the absence of a clear showing that the trial court committed error or that the evidence demonstrates that the conclusions reached are erroneous.[1] The judgment appealed is accordingly affirmed.
CARROLL, DONALD K., Acting C. J., and WIGGINTON and RAWLS, JJ., concur.

. Old Equity Life Insurance Company v. Levenson (Fla.App.1965), 177 So.2d 50; Stoller v. Jaffe (Fla.App.1961), 125 So.2d 310.