335 So.2d 346 (1976)
Austin L. WILLIAMSON, Appellant,
v.
Velta Joann WILLIAMSON, Appellee.
No. AA-40.
District Court of Appeal of Florida, First District.
July 19, 1976.
*347 Mary B. Steddom of O'Neill & Bishop, Ocala, for appellant.
W.F. Blowers of Blowers, Walkup, Berk & Tucci, Ocala, for appellee.
BOYER, Chief Judge.
By the final judgment here appealed, the marriage of the parties was dissolved, and the husband, appellant here, was ordered to pay $1,500 rehabilitative alimony at the rate of $100 per month plus $250 in attorney's fees. The trial judge subsequently entered an order by which the husband's petition for rehearing was denied and the wife's motion for contempt was granted. The husband was sentenced to six months in the county jail, unless he paid the arrearage which totalled $200. On appeal, the husband challenges inter alia, the award of attorney's fees to the wife and the order of contempt.
Appellant's primary attack on the award of attorney's fees is based upon the failure of the wife to accompany her application for attorney's fees with an affidavit specifying her financial circumstances as required by Rule 1.611(a), RCP. Although the language of the rule is mandatory, there are no provisions for sanctions, automatic or otherwise, within the confines of the rule itself in the event of failure to file a financial affidavit. The record on appeal reveals that appellant made no objection to the failure of his wife to file a financial affidavit either before or during the hearing on her petition for dissolution. Such failure is raised for the first time on this appeal.
In the absence of a proper objection lodged with the trial court, we are of the view that the mere failure to file a financial affidavit as required by Rule 1.611(a), RCP, does not necessitate reversal of an award of attorney's fees where there is otherwise sufficient evidence in the *348 record to sustain the award. Our holding is buttressed by the general rule that issues not raised in the trial court will not be considered on appeal. (2 Fla.Jur. 401, "Appeals", Section 66 and Florida Livestock Bd. v. Highgrade Food Products, Fla.App. 1st 1962, 141 So.2d 6). Having examined the record on appeal, particularly the evidence relating to the financial condition of the parties, we find that there is sufficient evidence contained therein to sustain the trial court's award of attorney's fees.
As to the contempt order entered against him, the husband argues that the trial court erred in entering the order without taking any testimony in support thereof and in refusing to hear the husband's testimony in defense. Both of the husband's objections to the order of the trial court adjudging him to be in contempt emanate from a hearing held on the wife's motion for contempt. Apparently, however, the contempt hearing was not reported. Therefore, this Court is unable to determine whether the trial court did or did not take testimony in support of the motion for contempt or whether the trial court refused to hear the husband's testimony. As has been noted on numerous occasions, "* * * When no transcript of the proceedings pertaining to the issues upon which the appellant seeks review is present in the record, the appellate court must assume that the trial court ruled correctly. * * *" Hall v. Bass, Fla.App. 4th 1975, 309 So.2d 251.
We have considered the remainder of the points raised by the husband on appeal and have found them to be without merit. Finally, the wife has filed a motion for attorney's fees incident to appeal. Said motion is denied.
AFFIRMED.
McCORD and MILLS, JJ., concur.