400 So.2d 1053 (1981)
Mark A. LAWSON, Appellant,
v.
STATE of Florida, Appellee.
Nos. 80-1858, 80-1859.
District Court of Appeal of Florida, Second District.
July 15, 1981.
*1054 Jerry Hill, Public Defender, Bartow, and Robert F. Moeller, Asst. Public Defender, Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Michael J. Kotler, Asst. Atty. Gen., Tampa, for appellee.
DANAHY, Judge.
This appeal concerns the three-year minimum prison term required to be imposed upon certain felons who use firearms or destructive devices in the commission of their crimes. We reverse such a sentence in this case as improper and remand for resentencing.
Appellant was charged in a two count information with sexual battery and kidnapping.[1] The defense stipulated that the state could prove a prima facie case, after which appellant pled nolo contendere to sexual battery with the threatened use of deadly force, and kidnapping. The stipulation made no mention of the use of any firearm or destructive device in the perpetration of the two crimes. Prior to sentencing, the trial judge asked the prosecutor: "This is with a weapon, is that correct, Ms. Allen, instead of a firearm?" The prosecutor responded in the affirmative. Appellant was sentenced to ten years' imprisonment on each charge, each sentence including a three-year minimum. Appellant did *1055 not object to the sentences, but now contends in this court that the three-year minimum sentences were unlawful.
Section 775.087, Florida Statutes (1979), provides that any person who is convicted of sexual battery or kidnapping, and who had in his possession a "firearm" as defined in section 790.001(6), Florida Statutes (1979), or a "destructive device" as defined in section 790.001(4), Florida Statutes (1979), shall be sentenced to a minimum term of imprisonment of three years. A firearm is defined in section 790.001(6) to be:
"Firearm" means any weapon (including a starter gun) which will, or is designed to, or may readily be converted to, expel a projectile by the action of an explosive; the frame or receiver of any such weapon; any firearm muffler or firearm silencer; any destructive device; or any machine gun. The term "firearm" shall not include an antique firearm.
Section 790.001(4) defines "destructive device" as follows:
"Destructive device" means any explosive, incendiary, or poison gas bomb, grenade, mine, rocket, missile, or similar device; and includes any type of weapon which will, or is designed to, or may readily be converted to, expel a projectile by the action of any explosive and has a barrel with a bore of one-half inch or more in diameter and ammunition for such destructive devices, but not including shotgun shells or any other ammunition designed for use in a firearm other than a destructive device.
The information did not allege that appellant possessed a "firearm" or a "destructive device" during the commission of the sexual battery or kidnapping.[2] Furthermore, the court specifically found, and the prosecution agreed, that the crimes were not committed with a "firearm." Having made this finding, the court could not lawfully impose the three-year minimum sentences. Therefore, unless appellant waived this error by failing to object, the case must be remanded for correction of the sentence.
Ordinarily, the failure to interpose an objection in the trial court precludes the raising of an issue on appeal. Williamson v. Williamson, 335 So.2d 346 (Fla.1st DCA 1976); Security Mutual Casualty Co. v. Bleemer, 327 So.2d 885 (Fla.3d DCA 1976). The reason for this rule is that a trial judge should be afforded the opportunity to correct his mistake and thereby prevent the necessity of a new trial. Corbett v. Dade County Board of Public Instruction, 372 So.2d 971 (Fla.3d DCA 1979), cert. denied, 383 So.2d 1192 (Fla. 1980). However, fundamental errors will be corrected by an appellate court even though the aggrieved party failed to object in the trial court. Aiello v. State, 390 So.2d 1205 (Fla.4th DCA 1980); Clark v. State, 336 So.2d 468 (Fla.2d DCA), aff'd, 363 So.2d 331 (Fla. 1978). One of the more commonly recognized fundamental errors is the imposition of an illegal sentence. Gonzalez v. State, 392 So.2d 334 (Fla.3d DCA 1981), (and cases cited therein).
As previously noted, the three-year minimum sentences imposed in the case at bar were unlawful. Accordingly, the error was fundamental and was not waived by appellant's failure to object.[3] The other point raised on appeal is without merit and, therefore, the case is remanded for the sole purpose of correcting appellant's sentence.
SCHEB, C.J., and CAMPBELL, J., concur.
NOTES
[1] Appellant was also charged in a second information with escape, to which he pled guilty and was sentenced to twenty-five years' imprisonment.

The sexual battery count charged as follows:
NORMAN S. CANNELLA, Assistant State Attorney of the Thirteenth Judicial Circuit in and for the County of Hillsborough, CHARGES that MARK LAWSON on the 13th day of February, 1980 in the County of Hillsborough, and State of Florida, did unlawfully and feloniously commit sexual battery upon VANESSA AUSTIN, a person over the age of eleven (11) years, without the consent of the said VANESSA AUSTIN, and in the process thereof used or threatened to use a deadly weapon or actual physical force likely to cause serious personal injury.
Appellant was charged in count two as follows:
NORMAN S. CANNELLA, Assistant State Attorney of the Thirteenth Judicial Circuit in and for the County of Hillsborough, CHARGES that NORMAN S. CANNELLA [sic] on the 13th day of February, 1980 in the County of Hillsborough, and State of Florida, did forcibly, secretly or by threat, abduct or imprison VANESSA AUSTIN against her will and without lawful authority, with intent to commit a felony, to-wit: Sexual Battery, contrary to the form of the Statute in such cases made and provided, and against the peace and dignity of the State of Florida.
[2] See Note 1, supra.
[3] We are aware that in Pinder v. State, 396 So.2d 272 (Fla.3d DCA 1981), the third district has held that insufficiency of the evidence to support the three-year minimum sentence must first be brought to the trial court's attention. However, in the instant case, unlike Pinder v. State, the trial court in essence found that the crimes were not committed with a "firearm." Under these circumstances, the error could only be cured by elimination of the three-year minimum sentence.