PER CURIAM.
The husband Michael J. Newell appeals a final judgment of marriage dissolution and attacks the propriety of the trial court awards of lump sum and rehabilitative alimony to the wife Mary K. Newell; the wife cross appeals the same awards as being inadequate. We reject all of these contentions and affirm these awards on the basis that the awards fall within the broad discretion of the trial court to make in view of the evidence contained in this record. Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980); Pfohl v. Pfohl, 345 So.2d 371 (Fla. 3d DCA 1977).
The husband also attacks the propriety of the trial court’s award of attorney’s fees to the wife. He argues that the award was improper because of a certain failure to adduce expert testimony and testimony from the attorney himself at the hearing below. We cannot agree. The trial court announced that it intended to decide the issue based on the testimony of the wife alone and the husband made no objection thereto — either then or later in a petition for rehearing. The husband has, therefore, waived this point for review as it is raised for the first time on appeal. See Castor v. State, 365 So.2d 701, 703 (Fla.1978); Hartford Fire Insurance Co. v. Hollis, 58 Fla. 268, 50 So. 985 (1909) (syllabus by ct., no. 2); Menendez v. Menendez, 435 So.2d 287, 289 (Fla. 5th DCA), pet. for review denied, 441 So.2d 632 (Fla.1983); Williamson v. Williamson, 335 So.2d 346, 347-48 (Fla. 1st DCA 1976). The balance of the husband’s argument against the attorney’s fee award has no merit. Pfohl v. Pfohl, supra.
Affirmed.