SMITH, Judge.
The Department of Health and Rehabilitative Services seeks reversal of the order of the Career Service Commission directing reinstatement of a former employee. After reviewing the briefs and record on appeal, we find no merit in appellant’s argument regarding reinstatement of the employee. We do, however, find merit in appellant’s contention that it was not given proper notice and an opportunity to be heard on the issue of a reasonable attorney’s fee.
Bonnie Ward (employee) appealed her dismissal by the Department of Health and Rehabilitative Services (HRS) to the Career Service Commission. The hearing was held on June 12, 1986, and the employee’s counsel mailed his attorney’s fee affidavit on June 19, 1986. Five days later, on June 24, 1986, the Commission rendered two orders. In the first one, in addition to reinstating the employee, it awarded the employee her costs and a reasonable attorney’s fee and retained jurisdiction of the case to determine the amount of the award upon submission by counsel of a proper motion and supporting proof. In the second order (on the same date), the Commission directed HRS to pay the employee’s counsel $5,970.00 as a reasonable attorney’s fee. The record contains nothing indicating that the parties agreed to the above procedure. It is clear, therefore, that HRS was not accorded its basic due process rights. Deel Motors, Inc. v. Department of Commerce, 252 So.2d 389 (Fla. 1st DCA 1971).
The Commission’s order reinstating the employee is affirmed, but the award of attorney’s fee is reversed and the case remanded for a hearing on the issue of a reasonable attorney’s fee, to be determined in accordance with Florida Patient’s Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985).
JOANOS and BARFIELD, JJ., concur.
*1126 ON MOTION FOR CLARIFICATION
SMITH, Chief Judge.
In our opinion in this case filed February 24, 1987, (see page 1125) we affirmed the order of the Career Service Commission reinstating the employee, but reversed for hearing on the issue of the amount of fees due the employee’s attorney as a reasonable fee in accordance with Florida Patient’s Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985). Since our reversal was based upon denial of the Commission’s due process rights, a de novo hearing on the amount of attorneys fees is required. Our prior decision fixed no limit on the amount of fees awardable, other than as dictated by Rowe. Therefore, the employer’s cross appeal was and is considered as moot, and the employee may seek an award in such amount as she may be able to substantiate by evidence conforming to the Rowe criteria.
The Career Service Commission having been abolished, Chapter 86-163, Laws of Florida (1986), further proceedings in this cause shall be before the Public Employees Relations Commission as directed by Section 72, Chapter 86-163.
JOANOS and BARFIELD, JJ., concur.