PER CURIAM.
This is an appeal by the husband George W.' Owsley from a final judgment of marriage dissolution. Mr. Owsley raises two points which we conclude have no merit, and, accordingly, we affirm.
First, the trial court did not abuse its discretion, as urged, in awarding the wife Naomi Ruth Owsley $9,000 in lump sum alimony. This award represents one-half of the cash on hand in a certain bank account which the trial court treated as an account of the parties. The trial court divided the parties’ other assets on an equal basis and did so here as well. We reject Mr. Owsley’s contrary arguments upon a holding that a trial court in a marriage dissolution action may equitably divide the parties’ bank account, although funded, as here, entirely by the husband from a salary bonus he earned during the course of the marriage. See Canakaris v. Canakaris, 382 So.2d 1197, 1201 (Fla.1980); see also Robinson v. Robinson, 403 So.2d 1306 (Fla.1980); Lewis v. Lewis, 472 So.2d 542 (Fla. 3d DCA 1985).
Second, the trial court did not abuse its discretion, as urged, in awarding the wife three years of rehabilitative alimony of $200 a week. Based on this record, the trial court could have reasonably concluded that Mr. Owsley could afford the award, and that Mrs. Owsley was in need of same. See Newell v. Newell, 464 So.2d 222 (Fla. 3d DCA 1985); Roffe v. Roffe, 404 So.2d 1095 (Fla. 3d DCA 1981); § 61.08, Fla.Stat. (1985).
The final judgment under review is, therefore, in all respects
Affirmed.