SHARP, Chief Judge.
Frison appeals his sentence of 100 years in prison which he received following his conviction for sexual battery with a deadly weapon in violation of section 794.011(3), Florida Statutes (1987). His sentencing guidelines scoresheet totalled 712 points, which corresponded to a recommended life sentence. The statutory maximum sentence for this offense was a term of imprisonment for life or a term of imprisonment not exceeding 40 years. See § 775.082(3)(a), Fla.Stat. (1987).
Appellant’s counsel opined that the sentencing error should be deemed harmless because under the guidelines, Frison might be better off with a 100 year term than with a life sentence. In view of this argument, we wonder why this appeal was taken. Illegal sentences (in excess of the stat *955 utory maximum) constitute fundamental error not subject to the curative application of harmless error. Reynolds v. State, 429 So.2d 1331 (Fla. 5th DCA 1983); and Lawson v. State, 400 So.2d 1053 (Fla. 2d DCA 1981). We have no choice but to vacate the sentence and remand this cause for resen-tencing.
Sentence VACATED; cause REMANDED.
ORFINGER and COWART, JJ., concur.