542 So.2d 486 (1989)
Jerome NUDELMAN, Appellant,
v.
Waltraud NUDELMAN, Appellee.
No. 89-131.
District Court of Appeal of Florida, Third District.
May 9, 1989.
Stephen G. Hertz, Miami Beach, for appellant.
Eduardo I. Rasco, Miami, for appellee.
Before SCHWARTZ, C.J., and FERGUSON and JORGENSON, JJ.
SCHWARTZ, Chief Judge.
We find no error in the trial court's awards, entered after an unreported hearing, of temporary attorney's fees and costs in this dissolution proceeding. We specifically note our agreement with the wife's position that, because Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (1985) applies only to the assessment of fees for services which have already been rendered, it necessarily has no application to temporary fees awardable under section 61.071, Florida Statutes (1987) for representation during the future course of the litigation. Cf. Muskin v. Muskin, 184 So.2d 923, 924 (Fla. 3d DCA 1966) (rule requiring expert testimony for setting attorney's fees not applicable "in every case" to award of fees pendente lite). Furthermore, the husband has failed to establish error in the amount of temporary fees assessed. See Applegate v. Barnett Bank, 377 So.2d 1150 (Fla. 1979); Huxford v. Huxford, 231 So.2d 868 (Fla. 1st DCA 1970).
The husband's other points, including his contentions that the appellee's notice of hearing did not properly refer to a motion for costs, as opposed to fees, and an alleged violation of Florida Rule of Judicial Administration 2.060(h) as it relates to the substitution of the wife's present counsel for her previous one, fail to present either error or harm.
Affirmed.