561 So.2d 1266 (1990)
Ronald J. MARTIN, Appellant,
v.
Judith MARTIN, Appellee.
No. 90-239.
District Court of Appeal of Florida, Third District.
May 22, 1990.
Melvyn B. Frumkes & Associates, Greene and Greene and Cynthia L. Greene, Miami, for appellant.
Wallace, Engels, Pertnoy, Solowsky & Allen and Jerome H. Shevin and Dana Corbo, Miami, for appellee.
Before NESBITT, BASKIN and GODERICH, JJ.
PER CURIAM.
The appellant, Ronald J. Martin [husband], appeals a non-final order authorizing the disbursement of funds held as an advance for additional fees and costs in the parties' divorce proceeding. We reverse.
The trial court conducted a hearing in which it awarded the wife attorney's fees and costs. In addition, the trial court ordered the husband to advance additional funds "as and for an advance for additional fees and costs."
A few months later, the wife filed a motion to authorize the disbursement of the funds held as an advance for additional fees and costs. At the hearing, the husband's counsel objected and demanded an evidentiary hearing as to the reasonableness and necessity of the attorney's fees and costs. The trial court took the position that its prior order awarding the advance was the actual award of fees and costs and that an evidentiary hearing was not required prior to disbursing the funds.
Prior to awarding attorney's fees for services already rendered and for costs already incurred, a trial court must hold an evidentiary hearing as to the reasonableness and necessity of the fees and costs awarded.[1]See Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985), holding modified sub nom., Standard Guar. Ins. Co. v. Quanstrom, 555 So.2d 828 (Fla. 1990); Grabow v. Grabow, 419 So.2d 340, 343 (Fla. 3d DCA 1982); *1267 Schorb v. Schorb, 547 So.2d 985, 989 (Fla. 2d DCA 1989).
Accordingly, we reverse with directions to the trial court to hold an evidentiary hearing as to the reasonableness and necessity of the attorney's fees and costs awarded to the wife.
NOTES
[1] Nudelman v. Nudelman, 542 So.2d 486 (Fla. 3d DCA 1989), is not applicable because the proceeding in the present case dealt with an award of attorney's fees for services already rendered and for costs actually incurred and not an award of temporary attorney's fees awardable under Section 61.071, Florida Statutes (1989).