OWEN, WILLIAM C., Jr., Senior Judge.
In this sequel to Greseth v. Department of Health and Rehabilitative Services, 573 So.2d 1004 (Fla. 4th DCA 1991), Mrs. Gre-seth complains that, after the mandate went down, the Public Employees Relations Commission (PERC) erred in (1) refusing to grant her a hearing on the matter of her attorney’s fee and (2) concluding that this was a public policy enforcement case (thus making inappropriate a contingent fee multiplier). We agree, and reverse the attorney’s fee award and remand.
PERC, in entering its order following the issuance of the mandate in Greseth I, directed that attorney’s fees be awarded pursuant to Rule 38D-14.004, Florida Administrative Code (1991). Greseth submitted her petition, including supporting affidavits. HRS filed objections to virtually every material aspect of Greseth’s fee petition, including time records submitted, time spent to prepare various submissions of the case before PERC and this court, the novelty, complexity and difficulties of the questions involved, the skill required to perform the services properly, the contingent nature of the employment, the applicability of a lodestar amount, the applicability of a contingent fee multiplier, the reasonableness of costs incurred and the time expended by paralegals. Upon noting the vast disparity between the fee which she sought and the amount which HRS asserted to be proper, Greseth filed with PERC a motion for an order to refer the matter to a hearing officer, and, when no order appeared to be forthcoming, renewed that motion some two months later, and, again, several weeks thereafter.
PERC, without affording Greseth a hearing, issued its order awarding attorney’s fees, stating therein that there were no disputed issues of material fact. In making its determination of the attorney’s fee to be awarded Greseth, PERC used the hourly rate that it routinely determined in other career service cases, and applied its own concepts of the amount of time that Greseth’s counsel reasonably should have spent on the case in order to arrive at the lodestar amount. While correctly recognizing that the attorney’s fee should be classified as contingent in nature, PERC determined, incorrectly, we believe, that career service appeal cases should be classified as public policy enforcement cases (Quan-strom [1] category one) and, therefore, a con *532 tingent fee multiplier would be inappropriate.
Both sections 120.57(1) and 447.-503(5), Florida Statutes (1991), require a hearing before a hearing officer (with the parties granted normal due process rights) when the proceedings involve a disputed issue of material fact. The question here is whether, when a hearing has been requested, PERC may effectively avoid such a hearing by the simple expedient of declaring that there are no issues of material fact in dispute, in the face of a substantial dispute of material fact. We think not. The record before the Commission on the fee petition shows virtually nothing other than disputes as to the ultimate material facts, i.e., the lodestar factors. We hold that one who petitions for attorney’s fees before PERC, a quasi-judicial body, is entitled, absent a stipulation for the matter to be determined upon the basis of affidavits, to an evidentiary hearing as provided in section 447.503(5), Florida Statutes (1991), in order to be accorded basic due process. See State Department of Health and Rehabilitative Services v. Ward, 509 So.2d 1125 (Fla. 1st DCA 1987); Martin v. Martin, 561 So.2d 1266 (Fla. 3d DCA 1990); In Re Attorney’s Fees Awarded in State of Florida v. Warman, 415 So.2d 846 (Fla. 4th DCA 1982).
In Standard Guaranty Inc. Co. v. Quanstrom, 555 So.2d 828 (Fla.1990), the supreme court held that for the purposes of determining whether a contingent fee multiplier is appropriate the cases fall into three categories: (1) public policy enforcement cases, (2) tort and contract claims, and (3) family law, eminent domain, and probate matters. The court stated that, for the first category, public policy enforcement cases, a contingency risk multiplier is not appropriate unless exceptional circumstances exist; for the second category of cases, tort and contract cases, a multiplier may be appropriate. PERC, relying on its decision in Hillsborough Community College, Chapter of the Faculty United Services Assoc. v. Board of Trustees for Hillsborough Community College, 16 F.P.E.R. 21105 (1990), an unfair labor practice case, took the position that career service appeals such as this are public policy enforcement cases, and thus concluded that a contingency multiplier would not be appropriate.
There is a clear difference between an unfair labor practice case, which can and does vindicate public policy as established by the legislature, and a career service appeal in which an individual is seeking only to rectify what is perceived as a breach of his or her employment contract with the state. We venture to say that Mrs. Greseth is not on a quixotic mission to cure societal ills. To her, only bread on the table is at issue. We hold, in accord with the view expressed in passing by the First District Court of Appeal in Department of Health and Rehabilitative Services v. Boyd, 525 So.2d 432 (Fla. 1st DCA 1988), that a career service appeal under Chapter 447, Florida Statutes (1991), is an employment contract claim. Accordingly, as a case within Quanstrom category two, a contingent fee multiplier was not inappropriate.
Appellant’s contention that PERC failed to implement the mandate of this court in Greseth I, which directed PERC to enter the hearing officer’s recommended order, is not considered since the only order appealed is that awarding attorney’s fees.
We reverse the order awarding attorney’s fees and remand for further hearing consistent with this decision.
REVERSED AND REMANDED.
GLICKSTEIN, C.J., and WARNER, J., concur.

. Standard Guaranty Ins. Co. v. Quanstrom, 555 So.2d 828 (Fla.1990).