GUNTHER, Judge.
Mark Quinn appeals the Public Employees Relations Commission’s (PERC) award of attorney’s fees. Quinn argues that PERC erred in failing to apply a contingency risk multiplier and in not awarding him attorney’s fees for litigating the issue of attorney’s fees.
PERC rejected Quinn’s contention that a multiplier was appropriate because the agency concluded that Quinn’s career service appeal constituted a category 1 fee award (public policy cases) rather than a category 2 award (breach of contract). See Standard Guaranty Ins. Co. v. Quanstrom, 555 So.2d 828 (Fla.1990). After PERC’s ruling, however, this court held that career service appeals fall within category 2, making them eligible for contingency risk consideration. Greseth v. Department of Health & Rehabilitative Services, 604 So.2d 530 (Fla. 4th DCA 1992).
Consequently, we agree with Quinn that his application for fees was eligible for a contingency risk multiplier, at the discretion of PERC. Although the hearing examiner’s order on the fee issue is capable of being read as considering whether to apply a multiplier as though one were permissible, we agree that the case should be reconsidered by PERC, free from its conclusion that multipliers are categorically unavailable in career service appeals.
We therefore reverse the agency’s final order on the fee application and remand to PERC for further proceedings to determine whether to exercise its discretion to apply a contingency risk multiplier under the particular facts and circumstances of this case and, if so, to recalculate the allowable fee as a category 2 award.
We also agree with Quinn that he is entitled to attorney’s fees for litigating the issue of attorney’s fees. See State Farm Fire & Casualty Company v. Palma, 585 So.2d 329 (Fla. 4th DCA 1991).
REVERSED AND REMANDED WITH DIRECTIONS.
POLEN and FARMER, JJ., concur.