660 So.2d 362 (1995)
Adam ROKICKI, Appellant,
v.
Ewa ROKICKI, Appellee.
No. 94-1137.
District Court of Appeal of Florida, Third District.
September 13, 1995.
*363 Glantz & Glantz, P.A., and Linda Gerstman (Plantation), for appellant.
No appearance, for appellee.
Before HUBBART, COPE and GREEN, JJ.
PER CURIAM.
This is an appeal of a non-final order granting appellee wife temporary alimony and attorney's fees. The appellant husband contends that the awards are not supported by substantial competent evidence demonstrating the needs of the wife and his ability to pay. We reverse in part and affirm in part.
A hearing was held on the wife's motion for temporary spousal support and attorney's fees and motion for contempt. The husband was properly noticed, but did not attend the hearing due to emergency dental work. The judge offered to postpone the hearing but the husband's counsel declined the offer. The judge therefore based the alimony and attorney's fees awards solely on the parties' financial affidavits, the testimony of the wife and affidavits from two practicing attorneys as to the amount of fees necessary to finish the case.
The husband first contends that the wife never established her need for temporary alimony of $1,000 dollars per month. The husband had been previously ordered to pay $1,050 per month in child support. The wife testified that all her bills were current and paid. Her financial affidavit shows that it includes expenses for child support. The affidavit indicated a monthly deficiency of $1,188 dollars without consideration of the amount of child support that she was receiving per month.
We agree with the husband that the figure of one thousand dollars per month is unsupported by substantial competent evidence in the record. When the child support is taken into account, the wife's monthly deficiency amounts to $138 dollars. There was no testimony adduced which indicated that a greater amount would be needed to cover the wife's current expenses. Therefore, the award of $1,000 per month in temporary alimony was excessive and must be reversed. See Robbie v. Robbie, 591 So.2d 1006, 1008 (Fla. 4th DCA 1991). The cause is remanded with directions to set an appropriate lower figure supported by the evidence.
The husband also argues that the $5,000 award for temporary attorney's fees was improperly based solely on affidavits from two practicing attorneys and was not supported by testimony from the wife and her counsel as to their fee arrangement.
Florida Statute section 61.16(1) as amended in 1993, states that corroborating expert testimony shall not be required to support any award made under Chapter 61. Ch. 93-188, § 6, Laws of Fla. However, that amendment is inapplicable to this case. The husband argues that under prior law, an award for interim fees must have been corroborated by expert testimony in the absence of a stipulation by counsel. We disagree. Under prior case law, expert testimony was not required to support an award for interim fees for services yet to be performed. Nudelman v. Nudelman, 542 So.2d 486 (Fla. 3d DCA 1989); see also Martin v. Martin, 561 So.2d 1266, 1266 n. 1 (Fla. 3d DCA 1990); Muskin v. Muskin, 184 So.2d 923, 924 (Fla. 3d DCA 1966).
The husband argues alternatively that because neither the wife nor her counsel *364 testified as to their fee arrangement, the amount awarded was unsupported by substantial competent evidence. However, the husband made no objection to the lack of such testimony below, so he is precluded from asserting it on appeal. Newell v. Newell, 464 So.2d 222, 223 (Fla. 3d DCA 1985).
Accordingly, we reverse the award of temporary alimony and affirm the award of temporary attorney's fees.