GROSS, J.
Sandra Pineiro appeals from a final judgment in continuing garnishment authorizing garnishee American Express Card Services Company to withhold money from her net disposable earnings. The judgment authorized the withholding “until the sum of $18,398.10, plus all accrued statutory interest from January 20, 2004, plus garnishment court costs in the amount of $15,231.36, are paid in full.” We reverse the final judgment to the extent that attorney’s fees incurred by the plaintiff in the collection process are included in the $15,231.36 figure.
In 2002, Pineiro hired appellee Barry S. Franklin & Associates, P.A., then Franklin & Criseuolo, to represent her in divorce litigation. She signed a retainer agreement that contained a provision entitling the law firm to recover any attorney’s fees incurred by the firm in “legal proceedings” taken to enforce the retainer agreement. After the attorney-client relationship ended, the law firm recovered a final judgment against Pineiro for $18,398.10.
In 2010, pursuant to section 77.0305, Florida Statutes (2010), the law firm secured the issuance of a continuing writ of garnishment directed at American Express. Its motion for a continuing writ of garnishment after judgment asserted that it held a 2004 judgment for “[t]he sum of $18,398.10 [which] remains unpaid.” American Express filed an answer to the writ confirming that it would deduct a certain amount from Pineiro’s earnings. Pineiro challenged the issuance of a final judgment in continuing garnishment by arguing that she was entitled to a head of family exemption.
During an evidentiary hearing, the circuit court addressed the law firm’s claim for additional attorney’s fees incurred in collection. The court rejected Pineiro’s claimed exemption, determined that Pinei-ro owed an additional $15,231.36 in attorney’s fees and costs, and issued a final judgment of continuing garnishment. The final judgment authorized the writ to continue until the satisfaction of the underlying judgment and an additional $15,231.36 in attorney’s fees and costs.
We affirm the amount awarded as additional attorney’s fees incurred by the law firm in the “legal proceedings” seeking to enforce the $18,398.10 judgment. Although Pineiro complains on appeal that the law firm did not offer either expert or sworn testimony to support the rate charged, she failed to raise these objec *616 tions in the trial court, so the issues were not properly preserved for appeal. See Rokicki v. Rokicki, 660 So.2d 362, 864 (Fla. 3d DCA 1995). As to the amount awarded, Pineiro has not carried her burden of demonstrating error. See Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150, 1152 (Fla.1979).
We reverse that portion of the final judgment that entitled the law firm to recover the additional $15,231.36 in attorney’s fees under the writ because Chapter 77 does not authorize the inclusion of this additional amount in the final judgment in garnishment. Unknown to the common law, garnishment is a statutory procedure controlled by Chapter 77, Florida Statutes (2010). Fla. Power & Light Co. v. Crabtree Constr. Co., 283 So.2d 570, 572 (Fla. 4th DCA 1973). “Garnishment statutes are strictly construed.” Gigliotti Contracting N., Inc. v. Traffic Control Prods. of N. Fla., Inc., 788 So.2d 1013, 1016 (Fla. 2d DCA 2001); see also Corbin v. St. Lucie River Co., 78 So.2d 396, 397 (Fla.1955)(stating that the statutory requirements of garnishment “must be strictly complied with”); Zivitz v. Zivitz, 16 So.3d 841, 847 (Fla. 2d DCA 2009) (indicating that “strict adherence” to the provisions of the garnishment statute is required).
Section 77.01, Florida Statutes (2010), states that “[e]very person or entity who ... has recovered [a] judgment in any court against any person or entity has a right to a writ of garnishment, in the manner hereinafter provided[.]” (Emphasis added). To garnish “salary or wages,” section 77.0305 provides that a continuing writ of garnishment is available “to satisfy a judgment.” “After [the] judgment has been obtained,” to secure the issuance of the writ, a plaintiff must file a motion “stating the amount of the judgment.” § 77.03, Fla. Stat. (2010). Reading sections 77.01, 77.03, and 77.0305 together, it is apparent that, for a post-judgment garnishment, the total amount sought to be garnished must be contained in a judgment that exists prior to the issuance of the writ. Here, the amount awarded by the court as additional attorney’s fees could not be included in the final judgment in continuing garnishment because that amount had not yet been reduced to a final judgment.
We therefore reverse the October 7, 2010, final judgment in continuing garnishment and direct the circuit court (1) to enter an amended final judgment in continuing garnishment that removes from the $15,231.36 figure that amount attributable to attorney’s fees and (2) to enter a separate final judgment for attorney’s fees incurred by the appellee in “legal proceedings” seeking to enforce the original final judgment.

Affirmed in part, reversed in part and remanded to the circuit court.

MAY, C.J., and GERBER, J., concur.