PER CURIAM.
This is the seventh appeal by Shamail Waheed in connection with his divorce from Mahreen Zulqamain.[1] Unsatisfied with the litigation involving his former wife, Waheed brought his neighbors, Dianna and Brent Brummer, into the fray, ostensibly to determine the whereabouts of two dogs and a few pieces of furniture.
The Brummers agreed to watch the parties’ dogs while Waheed went out of town. While he was away, Zulquarnain apparently retrieved the dogs and certain pieces of furniture from their former marital home. Although Waheed attempted to obtain discovery from the Brummers regarding the whereabouts of the dogs and furniture, the trial court denied his request. By the time Waheed’s motion was heard, the dogs’ locations were undisputed: Waheed had one and Zulquarnain had the other. Nor was there any dispute that Zulquarnain had removed the furniture. Nevertheless, Waheed persisted with his discovery requests.
Waheed appealed the denial of his discovery requests. We affirmed the order of the trial court, awarded attorney’s fees to the Brummers under Florida Rule of Appellate Procedure 9.410, and remanded the case for a determination of the amount of attorney’s fees. The order entered upon remand is the subject of this appeal.
At the hearing on attorney’s fees, Wah-eed took exception to certain entries on counsel’s time sheets. Waheed also chal *165 lenged counsel’s hourly rate because he was not board certified in appellate practice by the Florida Bar. Additionally, Waheed moved to disqualify L. Michael Maddox, an attorney and the Brummers’ fee expert, although he gave no specific grounds for disqualifying him. The closest Waheed came to making a specific objection was when he asked the court, “And the next thing I would ask is that Mr. Walton explain how Mr. Maddox is qualified to offer the affidavit that he did regarding reasonableness of fees and where, in fact, Mr. Maddox actually reviewed all these documents, how is he qualified?”
On appeal, Waheed argues that the court erred in taking judicial notice of both the Brummers’ attorney’s fee affidavit and Maddox’s affidavit in support of the requested fee award. He contends that, as a result of this error, there was a lack of competent, substantial evidence to support the trial court’s findings as to the amount of hours reasonably expended and the reasonableness of the hourly rate. Waheed also notes, correctly, that the Brummers’ attorney was not sworn in before providing testimony at the hearing.
Waheed did not preserve any of the arguments for appeal. He did not object to the court taking judicial notice of the two affidavits, both of which were sworn, or to the unsworn testimony of the Brum-mers’ attorney. Objections raised on appeal must be the same as those raised below. See, e.g., Tillman v. State, 471 So.2d 32, 35 (Fla.1985) (“In order to be preserved for further review by a higher court, an issue must be presented to the lower court and the specific legal argument or ground to be argued on appeal or review must be part of that presentation if it is to be considered preserved.”); Pineiro v. Am. Express Card Servs. Co., 105 So.3d 614, 615-16 (Fla. 4th DCA 2013). Wah-eed’s objections to specific itemizations on the time records and request that the Brummers’ attorney explain Maddox’s qualifications were insufficient to preserve' an objection as to judicial notice.
While we are unwilling at this point to prohibit Waheed from filing additional appeals in this matter without being represented by a member of the Florida Bar, we are close to reaching that point.
AFFIRMED.
PALMER, COHEN and EDWARDS, JJ., concur.

. See Waheed v. Zulqarnain, No. 5D14-1830, 2014 WL 7229472 (Fla. 5th DCA Dec. 16, 2014); Waheed v. Zulqarnain, No. 5D14-0251 (Fla. 5th DCA Feb. 26, 2014); Waheed v. Zulqarnain, No. 5D13-2269 (Fla. 5th DCA Dec. 10, 2013); Waheed v. Zulqarnain, No. 5D13-2499 (Fla. 5th DCA Sept. 17, 2013); Waheed v. Brummer, No. 5D13-0179 (Fla. 5th DCA July 15, 2013); Waheed v. Zulqarnain, No. 5D13-0081 (Fla. 5th DCA Jan. 29, 2013).